SETH E. PIERCE (SBN 186576)
  sep@msk.com
BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
REBECCA BENYAMIN (SBN 334130)
  rebecca.benyamin@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
Fabletics, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DENNIS BATEMAN, CHRISTIAN BURES, MEGAN CARTER, JOHN FORGAS, LANCE GOBLE, DANIEL GOLEZ, ELIZABETH GOSEIN-VASQUEZ, THOMAS HAMILTON, KELLI LANGTON, JESSICA SIAS, and MAX REINISCH, individually and on behalf of all others similarly situated;, <br><br> Plaintiffs, <br><br> v. <br><br> FABLETICS, INC., <br><br> Defendant. | CASE NO. 2:25-cv-02200 SVW (AJRx) <br><br> **DECLARATION OF BRADLEY J. MULLINS IN SUPPORT OF DEFENDANT FABLETICS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION** <br><br> *[Notice of Motion and Motion, Declaration of Matt Fojut, and [Proposed] Order Filed Concurrently Herewith]* <br><br> Time:      July 28, 2025 <br> Date:      1:30 p.m. <br> Location:  Courtroom 10A |

Mitchell
Silberberg &
Knupp LLP

20834939.1

DECLARATION OF BRADLEY MULLINS ISO MOTION TO COMPEL ARBITRATION

1        I, BRADLEY J. MULLINS, declare as follows:

2        1.     I am a partner through my professional corporation at Mitchell

3 Silberberg & Knupp LLP ("MSK"), counsel of record for Defendant Fabletics, Inc.

4 ("Fabletics") in the above-captioned matter. Unless otherwise indicated, I have

5 personal knowledge of the following facts and, if called and sworn as a witness,

6 could and would competently testify thereto.

7        2.     Attached hereto as **Exhibit A** is a true and correct copy of the text of

8 the ADR Services, Inc. Arbitration Rules, effective as of January 29, 2021 through

9 October 6, 2024.

10        3.     Attached hereto as **Exhibit B** is a true and correct copy of the text of

11 the ADR Services, Inc. Arbitration Rules, effective as of October 7, 2024.

12        4.     Attached hereto as **Exhibit C** is a true and correct copy of the text of

13 the American Arbitration Association Commercial Arbitration Rules, effective as

14 of October 1, 2013. These Rules were effective in 2019 and 2020.

15        5.     Attached hereto as **Exhibit D** is a true and correct copy of the text of

16 the American Arbitration Association Consumer-Related Disputes Supplementary

17 Procedures, effective as of September 15, 2005. These Rules were effective in

18 2019 and 2020.

19        I declare under penalty of perjury under the laws of the State of California

20 that the foregoing is true and correct.

21        Executed on June 20, 2025, at Los Angeles, California.

22

23                                  _____

24                                    Bradley J. Mullins

25

26

27

28

# EXHIBIT A



# ARBITRATION RULES

## Table of Contents

1. Agreement of Parties .................................................................................................... 3

2. Procedural Modifications ............................................................................................. 3

3. Amendment of Rules .................................................................................................... 3

4. Conflict with Law and Severability ............................................................................. 3

5. Commencing an Arbitration ......................................................................................... 3

    A) By Demand: ............................................................................................................ 3

    B) By Stipulation: ....................................................................................................... 4

    C) By Court Order: ..................................................................................................... 4

6. Notice of Claims, Counterclaims and Affirmative Defenses ....................................... 5

7. Changes of Claim ......................................................................................................... 5

8. Jurisdiction ................................................................................................................... 5

9. Administrative Conference .......................................................................................... 5

10. Fixing of Locale ......................................................................................................... 5

11. Arbitrator Selection and Appointment ...................................................................... 6

12. Notice of Appointment and Disclosures .................................................................... 7

13. Service ........................................................................................................................ 7

14. Service by Publication ............................................................................................... 8

15. Electronic Submission and Transmission .................................................................. 8

16. Representation ............................................................................................................ 9

17. Attendance at Hearings .............................................................................................. 9

18. Withdrawal from Arbitration ..................................................................................... 9

19. Communication with the Arbitrator ........................................................................... 9

20. Preliminary Hearing/Arbitration Management Conference ..................................... 10

21. Exchange of Information ........................................................................................... 10

22. Pre-Arbitration Pleading Motions ............................................................................ 10



# ARBITRATION RULES

23. Interim Measures and Motions for Summary Judgment/Adjudication of a Claim or Issue ... 11

24. Emergency Provisional Relief .................................................................................. 11

25. Mediation ................................................................................................................ 12

26. Date, Time, and Place of Hearing ........................................................................... 12

27. Stenographic Record ............................................................................................... 12

28. Interpreter ............................................................................................................... 12

29. Postponement of Arbitration Hearing .................................................................... 12

30. Arbitration in the Absence of a Party or Representative ...................................... 12

31. Pre-Hearing Submissions ....................................................................................... 13

32. Securing Witnesses and Documents for the Arbitration Hearing ......................... 13

33. The Arbitration Hearing ......................................................................................... 13

34. The Award ............................................................................................................... 14

35. Confidentiality and Privacy .................................................................................... 15

36. Waiver of Objections .............................................................................................. 15

37. Exclusion of Liability ............................................................................................. 15

38. Sanctions ................................................................................................................. 16

39. Filing Fees .............................................................................................................. 16

40. Expenses .................................................................................................................. 16

41. Neutral Arbitrator's Compensation ........................................................................ 16

42. Payment of Fees ...................................................................................................... 16

# ADR
SERVICES, INC.

# ARBITRATION RULES

## 1. Agreement of the Parties

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever their arbitration contract provides for arbitration before ADR Services, Inc. (hereafter "ADR Services"), or whenever the parties have otherwise agreed to the applicability of these rules. The Rules, and any amendment thereof, which shall apply to the arbitration will be those in effect at the time the demand for arbitration, submission agreement or court order is received by ADR Services. The parties may, by written agreement, vary the procedures set forth in these rules. The term "Party" as used in these Rules includes parties to the arbitration as well as their counsel or representative.

## 2. Procedural Modifications

The arbitral authority of ADR Services is as set forth in the agreement of the parties and in these rules, and may be carried out through ADR Services' representatives as it may direct. The parties may agree on any procedures not specified in these rules that are consistent with the applicable law and ADR Services policies. The parties shall promptly notify the ADR Services Case Manager of any such party-agreed procedures and shall confirm such procedures in writing. The party-agreed procedures shall be enforceable as if contained in these rules.

## 3. Amendment of Rules

ADR Services may amend these rules without notice. If the parties have agreed to use these rules by contract or stipulation, the rules in effect on the date of the commencement (see Rule 5 below) of an arbitration shall apply to that arbitration, unless the parties have specified another earlier version of the rules. The current and archived versions of the rules are available on ADR Services' website at www.adrservices.com/arbitration-rules.

## 4. Conflict with Law and Severability

If any of these rules, or a modification of these rules as agreed upon by the parties, is determined by the arbitrator to be in conflict with applicable law, the provision of law will govern, and no other rule will be affected.

## 5. Commencing an Arbitration

There are three ways to commence an arbitration with ADR Services: By Demand; By Stipulation; and By Court Order.

    A) <u>By Demand</u>:

An arbitration may be commenced by submitting the "Demand for Arbitration" form. A demand occurs when a party to a contract with an arbitration clause that names ADR Services or these rules serves a written Demand for Arbitration concurrently on ADR Services and the opposing party(ies). This form is available on ADR Services' website at www.adrservices.com/services/forms.

    1. The initiating party (the "claimant") shall, within the time period, if any, specified in the contract(s), give to the other party (the "respondent") written notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the claims and remedies sought, and the hearing locale requested. The claimant shall file at any office of ADR Services a hard copy of the demand together

*Updated January 29, 2021*

Back to Top

# ARBITRATION RULES

with a copy of the applicable arbitration provision(s) of the contract and a copy of any complaint previously filed with the court. Where the respondent is already represented by counsel, notice of the demand provided to such counsel shall be deemed notice to the respondent.

2. ADR Services will confirm receipt of the demand by issuing a Commencement Letter to the parties outlining the procedure for continuing with initiation of the arbitration. The date of commencement of the arbitration is the date of the Commencement Letter for the procedures set forth in these rules only. It is not intended to supersede any legal requirements such as the statute of limitations, any contractual limitations period or claims notice requirements.

3. Within fifteen (15) calendar days after service of the Commencement Letter, a respondent may submit to ADR Services and serve on all other parties an answering statement and, if applicable, a statement of any affirmative defenses and/or counterclaims. The respondent shall, at the same time as any such filing, send a copy of the answering statement, a statement of affirmative defenses or a counterclaim to the claimant.  If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedies sought. Within fifteen (15) calendar days of service of a counterclaim, a claimant may submit to ADR Services and serve on other parties a response to such counterclaim. If no answering statement is filed within the stated time, respondent will be deemed to deny the claim or counterclaim and consent to arbitration.  ADR Services reserves the right to extend the deadline for the filing of an answering statement or a counterclaim upon written request.  Failure to file an answering statement shall not operate to delay the arbitration, which shall proceed after fifteen (15) calendar days (or any granted extension) regardless of whether an answering statement has been submitted.

### B) By Stipulation:

An arbitration may be jointly commenced via submission (stipulation) in the following manner:

1. The submission to ADR Services of a post-dispute arbitration agreement fully executed by all parties that specifies ADR Services administration or use of any ADR Services rules; or

2. The oral agreement of all parties to participate in an arbitration administered by ADR Services or conducted pursuant to any ADR Services rules, confirmed in writing by all parties; or

3. By filing at any office of ADR Services a copy of a written submission to arbitrate under these rules, signed by all parties. It shall contain a statement of the nature of the dispute, the names and addresses of all parties, any claims and counterclaims, the amount involved, if any, the remedy sought, and the hearing locale requested. Unless the parties state otherwise in the submission, all claims and counterclaims will be deemed to be denied by the other party.

### C) By Court Order:

An arbitration may also be commenced via submission of a Court Order compelling arbitration. The Court Order shall be submitted to ADR Services together with a copy of the parties' arbitration agreement as well as any Complaint, Answer, Cross-Complaint or other pleading filed with the Court, which shall be presumed to be the operative pleadings for the arbitration unless otherwise specified by the parties.

D) When arbitration has been commenced by stipulation or court order, ADR Services will send: (1) a Commencement Letter if no arbitrator has been agreed upon or appointed; or (2) an Initiation of Arbitration Letter/Packet setting forth the next steps to move forward with administration of the matter where an arbitrator has been pre-selected.



# ARBITRATION RULES

## 6. Notice of Claims, Counterclaims and Affirmative Defenses

Each party shall provide reasonable and timely notice to the arbitrator and other parties of all claims, remedies/relief sought, counterclaims and affirmative defenses that will be asserted in the matter. Notice may be provided: (a) in the Demand for Arbitration, answering statement and/or counterclaim; (2) by attaching a copy of any previously filed Complaint, Answer or Cross-Complaint; or (c) by attaching a separate Statement of Claims or Counterclaims. The notice shall include a brief description of the factual basis for each claim, affirmative defense and/or counterclaim. No claim, remedy, counterclaim or affirmative defense will be considered by the arbitrator in the absence of such prior notice, which is to be provided no later than ninety (90) calendar days before the initial date for arbitration, unless the arbitrator determines that no unfair prejudice has occurred or all parties agree that such consideration is appropriate notwithstanding the lack of prior notice.

## 7. Changes of Claim

After filing a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with ADR Services. The party asserting such a new or different claim or counterclaim shall provide a copy to the other party, who shall have fifteen (15) calendar days from the date of such transmission within which to file an answering statement with ADR Services. If no answering statement is filed, the respondent will be deemed to have denied the claim.  After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

## 8. Jurisdiction

Unless the issue of arbitrability has been previously determined by the court, the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement. In addition, the arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the balance of the contract is void shall not for that reason alone render invalid the arbitration clause. A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final Award.

## 9. Administrative Conference

ADR Service may, at its discretion, contact the parties by telephone or email to discuss procedural matters such as the pleadings or notice of claim sequence, arbitrator selection, locale and the needs and expectations of the parties in conjunction with the arbitration process. ADR Services or the parties may request additional telephonic conferences as necessary.

## 10. Fixing of Locale

The parties should mutually agree on the locale where the arbitration is to be held. If any party requests or has demanded that the hearing be held in a specific locale, the other party may object at any time by contacting ADR Services and providing notice to the other party. If no objection is received within fifteen (15) calendar days after notice that a demand or request has been submitted to ADR Services, the locale shall be the one requested. The 15-day period is not tolled pending issuance a Commencement Letter from ADR Services. If a party promptly objects to the locale requested by the other party, ADR Services shall have the power to determine the locale, and its decision shall be final and binding.

# ARBITRATION RULES

## 11. Arbitrator Selection and Appointment

Arbitrations shall be conducted by one neutral arbitrator unless all Parties agree otherwise. In cases involving more than one arbitrator, the Parties shall agree on a neutral arbitrator who shall serve as chairperson for the panel. In the absence of an agreement, the other neutral arbitrators shall designate the chairperson for the arbitration panel. If the parties and the arbitrators agree, the chairperson may, acting alone, resolve discovery disputes and rule on other procedural matters.

If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed. The notice of appointment, with the name and address of the arbitrator, shall be filed with ADR Services by the appointing party. If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the appointment shall be made by ADR Services pursuant to the strike and rank process set forth below. If no period of time is specified in the agreement, ADR Services shall notify the parties to make the appointment. If within fifteen (15) calendar days after such notice has been sent, an arbitrator has not been appointed by a party, ADR Services shall make the appointment in accordance with the strike and rank process below.

Unless the Arbitrator has been previously selected by agreement of the parties, ADR Services may attempt to facilitate agreement among the parties regarding selection of the arbitrator. If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

A) Following the filing of the submission to arbitration or the answering statement or the expiration of the time within which the answering statement is to be filed, ADR Services shall send simultaneously to each party to the dispute an identical list of names of persons chosen from the panel. The list shall contain a minimum of seven (7) names. The parties are encouraged to agree to an arbitrator from the submitted list and to advise ADR Services of their agreement. If the parties have agreed upon, or their agreement provides, specific criteria for the list (e.g., retired judges only, or a combination of retired judges and attorneys, from a particular panel), the parties shall notify ADR Services either in the demand for arbitration or within ten (10) calendar days after ADR Services sends the Commencement Letter.

B) If the parties are unable to agree upon an arbitrator, each party to the dispute shall have fifteen (15) business days from the transmittal date of the list of arbitrators in which to strike up to three (3) names objected to, number the remaining names in order of preference, and return the list to ADR Services. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable and ADR Services shall appoint the arbitrator identified as most acceptable by the party who returned the list. If the parties fail to agree on any of the persons named, ADR Services shall appoint the arbitrator that was most acceptable to the parties as indicated by their preferences. If the ranking of the parties' preferences results in a "tie" between two or more selected arbitrators, ADR Services shall make the appointment from amongst those preferred arbitrators.  If the most preferred arbitrator(s) are unable to act, or if for any other reason the appointment cannot be made, the next most acceptable arbitrator(s) as indicated by the parties' preferences shall be selected without the provision or submission of additional lists.

C) Entities whose interests are not adverse with respect to the issues in dispute shall be treated as a single party for purposes of the arbitrator selection process. ADR Services shall determine whether the interests between entities are adverse for purposes of arbitrator selection, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the arbitration.

*Updated January 29, 2021*

# ARBITRATION RULES

D) Any disclosures required by law to be made by a selected arbitrator shall be served by electronic mail to the counsel of record for each represented party within ten (10) calendar days from the notice of the proposed nomination or appointment. The parties have fifteen (15) calendar days after the service of the proposed arbitrator's disclosure statement to object to the appointment of the arbitrator based upon the disclosures made. If no written objection is received by ADR Services within that time frame, it is considered waived.

E) At any time before the conclusion of the arbitration proceeding, a party may challenge the continued service of an arbitrator on any of the "judicial-type" grounds listed in Code of Civil Procedure Section 170.1. The challenge must be based upon information that was not available to the parties at the time the arbitrator was selected. A challenge for cause must be in writing and exchanged with opposing parties who may respond within seven (7) days of service of the challenge.

## 12. Notice of Appointment and Disclosures

Notice of the appointment of the neutral arbitrator, whether the appointment has been made by contract, mutually by the parties or by ADR Services, shall be sent to the arbitrator by ADR Services, together with a copy of these rules prior to the opening of the first hearing. Pursuant to the relevant code sections in force at the time of the appointment of the arbitrator, any person appointed as a neutral arbitrator shall disclose to ADR Services any circumstance likely to affect his or her impartiality or independence. Upon receipt of such information from the arbitrator or another source, ADR Services shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

Upon objection of a party to the continued service of a neutral arbitrator, including a request for recusal or disqualification, an order will be issued by the arbitrator referring the objecting party to submit the issue to the assigned trial court if there is a pending case, or to petition a court of applicable jurisdiction if there is no pending case, for final determination, which shall be conclusive.

When engaging the services of ADR Services, the Parties are asked to provide information regarding the dispute at issue, including all persons or entities involved and their counsel or representatives. This information is relied upon by ADR Services in preparing and issuing the necessary disclosures. ADR Services does not investigate, research or question the validity or accuracy of this information.

It is the responsibility of Counsel to ensure that ADR Services is provided on an ongoing basis with the most complete, accurate, and current information relating to their matter. This includes identifying any and all parties, entities and attorneys who will be involved throughout the process.

## 13. Service

Service under these rules is accomplished by providing one copy of the document with original signatures to each party and one copy to the case manager on behalf of the arbitrator. Service may be made by hand-delivery, overnight delivery service or U.S. mail. Service by facsimile or electronic mail will be deemed sufficient if based upon a previous agreement of the parties or their counsel and notice of the agreement is provided to ADR Services.

Service by hand-delivery, overnight delivery service or U.S. mail shall be considered effective upon the date of deposit of the document. When the method of service is by the U.S. Mail only, three (3) calendar days shall be added to the prescribed period for service within California and five (5) calendar days for mail outside of California.

# ARBITRATION RULES

Service by facsimile or electronic mail is considered effective upon transmission, but only if followed within one week of delivery by service of an appropriate number of copies and originals by one of the other service methods described above. Service by facsimile or electronic mail only, with no need to provide additional copies, will be considered effective only upon written agreement of the parties.

Service will be deemed sufficient if the documents are sent to the last known mailing address or email address given on any document presented by a self-represented party or a party's attorney. It is the party's or attorney's duty to submit and serve a notice of change of address or email address to ADR Services and all other parties or counsel while the matter is pending. ADR Services relies upon the contact information provided by the parties and is not responsible for a challenge to the Award based on lack of proper notice.

ADR Services shall serve all arbitrator disclosures to the counsel of record for represented parties by electronic mail.

The Award shall be served by certified mail.

Unless otherwise instructed by ADR Services or by the arbitrator, any documents submitted by any party to ADR Services or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## 14. Service by Publication

Where a thorough, systematic search and inquiry for the whereabouts of the respondent or other party has been conducted and unsuccessful attempts to serve by another approved method have failed, the serving party may seek a court order allowing the demand for arbitration and other related documents to be served by publication in accordance with Code of Civil Procedure Section 415.50. The court order along with proof of publication shall be submitted to ADR Services.

## 15. Electronic Submission and Transmission

ADR Services sends and receives documents via electronic mail. All documents sent by electronic mail will be deemed submitted with ADR Services if transmitted no later than 6:00 p.m., Pacific Standard Time. Proof of transmission is sufficient to raise a rebuttable presumption that service was accomplished in the ordinary course.

When a document to be submitted requires a signature of an attorney or a self-represented party, not under penalty of perjury, the document shall be deemed to have been signed by that attorney or self-represented party if submitted electronically. The signature block shall set forth the typed name, address and telephone number of a signing attorney or self-represented party.

When a document to be submitted must be signed under penalty of perjury of any person: (1) the party submitting the document must obtain the signatures of all parties on a printed form of the document either prior to or the same day as the date of submission; (2) the party filing the document must maintain the original, signed document and must make it available for inspection and copying; and (3) by electronically submitting the document, the submitting party indicates that all necessary persons or parties have signed the document and that the submitting party has the document bearing the original signature in his or her possession.

Documents electronically transmitted by the arbitrator to the parties and/or their counsel shall be deemed signed by the arbitrator. (Civil Code §1633.7(a); CRC rule 2.257(e).)

*Updated January 29, 2021*

# ADR
### SERVICES, INC.
# ARBITRATION RULES

## 16. Representation

Where a party to the arbitration is a natural person, he or she may be represented by counsel of that party's choosing or may represent themselves *in propria persona*. However, ADR Services reserves the right to decline to administer an arbitration in the event a party opts to proceed *in propria persona*. Where a party to the arbitration is a legal entity such as a corporation, limited liability company (LLC) or partnership, that entity party must be represented by counsel.

Each Party shall give prompt written notice to the case manager and the other parties of the name, address, telephone number, fax number and email address of its counsel. Where a party is self-represented, he or she must provide ADR Services and all other parties with a valid mailing address (other than a post-office box) and a valid, regularly monitored email address for the receipt of any and all documents exchanged by the parties or sent by ADR Services throughout the duration of the arbitration.

If there is a change in representation, the party shall give prompt written notice to the case manager and all other parties, including the name, address, telephone number, fax number and email address of the new attorney. The notice shall indicate that written consent of the former attorney, if any, as well as the new attorney was obtained for the substitution and shall state the effective date of the new representation.

## 17. Attendance at Hearings

The arbitrator and ADR Services shall maintain the privacy of the hearings unless the law provides to the contrary. Any party or representative having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person other than a party and his/her/its representatives.

The arbitrator may proceed with any hearing despite the absence of a party so long as that party received proper notice as set forth in rules 13 or 14 above and thereafter fails to respond or attend. However, the arbitrator may not grant relief or issue an Award based solely on the default or absence of the party. The party seeking relief bears the initial burden of establishing a right to such relief based upon a proper evidentiary showing. The Notice of Hearing shall specify if it will be conducted in person or telephonically.

## 18. Withdrawal from Arbitration

No party may terminate or withdraw from an arbitration after the appointment of the arbitrator except by written agreement of all parties to the arbitration. A party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other parties and on the arbitrator. However, the opposing parties may, within fifteen (15) calendar days of service of notice of the withdrawal of the claim or counterclaim, request that the Arbitrator order that the withdrawal be with prejudice.

## 19. Communication with the Arbitrator

No party and no one acting on behalf of any party shall communicate unilaterally (*ex parte*) concerning the arbitration with a neutral arbitrator or a candidate for neutral arbitrator. Any necessary *ex parte* communication with ADR Services, whether before, during or after the arbitration hearing, shall be conducted through the case manager.

# ADR
## SERVICES, INC.
# ARBITRATION RULES

### 20. Preliminary Hearing/Arbitration Management Conference

At the request of any party or at the discretion of the arbitrator or ADR Services, the arbitrator may schedule as soon as practicable a preliminary hearing or arbitration management conference with the parties and/or their representatives. The preliminary hearing may be conducted by telephone at the arbitrator's discretion. During the preliminary hearing, the parties and the arbitrator should discuss such issues as the future conduct of the case, including clarification of the issues, document exchange, a schedule for the hearings, discovery, the form of the Award, the length of the arbitration, and any other preliminary matters.

### 21. Exchange of Information

The parties shall cooperate in good faith to voluntarily, promptly and informally exchange all nonprivileged documents and other information relevant to the dispute or claim. Either party shall within fifteen (15) calendar days of receipt of notice of the arbitration hearing date, but no later than seventy (70) calendar days before arbitration, have the right to demand in writing that the other party provide a list of witnesses, including designation of expert witnesses, it intends to call and a list of documents it intends to introduce at the hearing provided that the demanding party provides such lists at the time of its demand. A copy of such demand and the demanding party's lists shall be served on the arbitrator. The responding party's lists shall be served on the demanding party and the arbitrator pursuant to Rule 13 above fifteen (15) calendar days following the receipt of the demand. Where privileged documents have been withheld, the withholding party shall provide a privilege log. The arbitrator may modify these obligations at the preliminary conference (see Rule 31).

All of the provisions of Code of Civil Procedure Section 1283.05 shall be conclusively deemed to be incorporated into, made a part of, and shall be applicable to, every agreement to arbitrate any dispute, controversy, or issue arising out of or resulting from any injury to, or death of, a person caused by the wrongful act or neglect of another.

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

With respect to arbitration of employment claims, the parties are entitled to discovery sufficient to adequately arbitrate their claims, including access to essential documents and witnesses, as determined by the arbitrator(s).

The parties shall attempt to agree on the time, location and duration of the deposition(s), and if the parties do not agree these issues shall be determined by the arbitrator.

Documents that have not been previously exchanged, or witnesses and experts not previously identified, may not be considered by the arbitrator at the hearing, unless agreed by the parties or upon a showing of good cause.

The parties shall promptly notify the case manager when an unresolved dispute exists regarding discovery issues. The case manager shall arrange a conference with the arbitrator, either by telephone or in person, and the arbitrator shall decide the dispute.

### 22. Pre-Arbitration Pleading Motions

As in court proceedings, the arbitrator(s) may allow the parties to file and serve dispositive motions to obtain pre-arbitration rulings. This includes demurrers, motions to strike and motions for judgment on the

**ADR**
SERVICES, INC.

# ARBITRATION RULES

pleadings. In order to be considered, the motion must be "dispositive" – i.e., the moving party must show substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

## 23. Interim Measures and Motions for Summary Judgment/Adjudication of a Claim or Issue

The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods. Such interim measures may take the form of an interim Award, and the arbitrator may require security for the costs of such measures. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

A party or representative of a party may make a motion for summary judgment or summary adjudication of a particular claim or issue to be decided by the arbitrator. The moving party shall, after meeting and conferring with the other party as to a desired hearing date, contact the case manager to determine the arbitrator's availability.  If the parties are unable to agree to a hearing date, one will be selected by the arbitrator.  Unless otherwise specified by the arbitrator, the briefing schedule shall comply with Code of Civil Procedure Section 437c.

## 24. Emergency Provisional Relief

Where a party seeks emergency provisional relief, such as a temporary restraining order, but an arbitrator or arbitration panel has not yet been appointed, the party shall promptly notify ADR Services and all other parties in writing that such relief will be sought.

Notice may be given by facsimile, electronic mail or other reliable means. The written notice for an emergency order shall include the nature and basis of the relief sought and why the matter is appropriately handled on an emergency basis – i.e., a factual showing of irreparable harm, immediate danger, or any other statutory basis for granting relief.

The notice must also be accompanied by a completed sworn declaration that includes one of the following: (a) that notice was given, including the date, time, manner, and name of the party informed, the relief sought, any response, and whether opposition is expected; (b) that the applicant in good faith attempted to inform the opposing party but was unable to do so, specifying the efforts made to inform the opposing party; or (c) that, for reasons specified, the applicant should not be required to inform the opposing party.

ADR Services shall, within two (2) business days of receipt of notice as provided above, appoint a single emergency arbitrator to rule on the emergency application. The emergency arbitrator shall immediately disclose any ground likely to affect his or her impartiality based on the facts disclosed in the application. Any challenge to appointed emergency arbitrator must be made within one (1) business day of ADR Services' notice of the appointment and disclosure.

The emergency arbitrator shall notify the parties, no later than two (2) business days following the appointment, of the schedule and manner in which the emergency application will be considered. The proceeding may occur telephonically or in any other manner calculated to provide all parties with a reasonable opportunity to be heard. The emergency arbitrator shall have the authority to determine jurisdiction (see Rule 8, infra) and shall resolve any disputes regarding the applicability of this rule.

If the emergency arbitrator is satisfied that the party seeking emergency relief has made a factual showing of irreparable harm, immediate danger, or any other statutory basis for granting relief, he or she may enter

# ARBITRATION RULES

an interim order granting the relief and stating the grounds therefor. As a condition of the relief granted, the emergency arbitrator may require the party seeking emergency relief to post a bond or other security.

The emergency arbitrator shall retain the power to modify or reconsider the interim order until the appointment of an arbitrator or arbitration panel for consideration of the entire matter. The emergency arbitrator shall apportion the costs associated with the application, which may later be adjusted by the arbitrator or arbitration panel in issuing the final award.

This rule is not intended to supplant or supersede the power of a judicial authority to issue such emergency relief. Where a party seeks emergency relief from the court, it shall not be in conflict with these rules or otherwise affect the right to arbitrate the dispute.

## 25. Mediation

At any stage of the proceedings, the parties may agree to conduct a mediation conference in order to facilitate settlement. Generally, the mediator should not be an arbitrator appointed to the case unless the parties so agree and execute the necessary stipulation available through ADR Services.

## 26. Date, Time, and Place of Hearing

After consulting with the parties, the arbitrator shall determine the date, time and place of the hearing. The arbitrator and the parties shall attempt to schedule consecutive hearing days if more than one day is necessary. If a party has failed to answer a claim and the arbitrator reasonably believes that the party will not participate in the hearing, the arbitrator may set the hearing without consulting with that party. The non-participating party shall be served with a Notice of Hearing at least thirty (30) calendar days prior to the scheduled date.

## 27. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least five (5) business days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

## 28. Interpreter

If a party desires or requires the services of an interpreter for any hearing or other part of the process, that party must make arrangements directly with the interpreter and shall pay for the costs of the interpreter's service.

## 29. Postponement of Arbitration Hearing

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

## 30.  Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, if a party fails or refuses to appear or participate in the arbitration, or in any portion of the arbitration, after having been given notice and opportunity to participate by: (a) failing to participate in arbitrator selection, or (b) failing to pay arbitration costs or fees, or (c) failing to respond to

# ARBITRATION RULES

the arbitration demand, or (d) failing to appear at hearings, the arbitration may proceed and the arbitrator may render a final Award on the basis of the evidence presented by the participating party. An award rendered under such circumstances is valid and enforceable as if all parties had participated fully.

## 31. Pre-Hearing Submissions

Subject to any schedule adopted at the Preliminary Hearing, the parties shall exchange a list of the witnesses they intend to call, including any experts and a list all exhibits intended to be used at the Hearing and exchange copies of such exhibits to the extent that any such exhibit has not been previously exchanged. The parties should pre-mark exhibits and shall attempt themselves to resolve any disputes regarding the admissibility of exhibits prior to the hearing. All documents should also be provided to ADR Services for transmission to the arbitrator, whether or not the parties have stipulated to the admissibility of all such documents.

The arbitrator may require that each party simultaneously submit an arbitration brief, including summaries of the facts and evidence a party intends to present, discussion of the applicable law and the basis for the requested Award or denial of relief sought. The briefs, which may be in the form of a letter, shall be filed with ADR Services and served upon the other Parties, at least five (5) calendar days before the hearing date unless agreed otherwise at the preliminary hearing.

## 32. Securing Witnesses and Documents for the Arbitration Hearing

The Arbitrator may issue subpoenas for the attendance of witnesses or the production of documents pursuant to Code of Civil Procedure Section 1282.6. In the event a party or a subpoenaed person objects to the production of a witness or other evidence, that party or person may file an objection with the arbitrator, who will promptly rule on the objection, weighing both the burden on the producing party and the need of the proponent for the witness or other evidence.

## 33. The Arbitration Hearing

a. The arbitrator shall conduct the hearing in accordance with these rules. The arbitrator may vary these procedures if it is determined reasonable and appropriate to do so.

b. The arbitrator shall determine the order of proof. Normally, the claimant shall present evidence to support his/her/its claim. The respondent shall then present evidence to support his/her/its defense. Witnesses for each party shall also submit to questions from the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present his/her/its case.

c. The arbitrator shall, at his or her discretion, exercise all powers relating to the conduct of the arbitration hearing which shall be conducted in a manner that will promote the efficient and expeditious resolution of the dispute. Such powers include, but are not limited to, determinations regarding the means or process by which the hearing is to be held, the order of proof, bifurcation of the proceedings, directing the parties to focus their presentations on issues the decision of which could dispose of all or part of the case, and the calling and examination of witnesses.

d. Strict conformity to the rules of evidence is not required, except that the arbitrator shall apply applicable law relating to privileges and work product. The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant. With the agreement of the parties or by order of the arbitrator, the presentation

# ADR
## SERVICES, INC.

# ARBITRATION RULES

of evidence may proceed by means other than an in-person appearance including, but not limited to, video conferencing, internet communication and telephonic conferences.

e. The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it is entitled to after consideration of any objection made to its admission.

f. The parties will not offer as evidence, and the arbitrator shall neither admit into the record nor consider, prior settlement offers by the parties or statements or recommendations made by a mediator or other person in connection with efforts to resolve the dispute being arbitrated, except to the extent that applicable law permits the admission of such evidence.

g. The parties may agree to have all or a portion of the hearings conducted telephonically or may agree to waive oral hearings in their entirety.

h. An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct ADR Services to so advise the parties. The arbitrator shall set the date and time and ADR Services shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

i. The arbitrator may proceed with the hearing in the absence of a party who is bound to arbitrate, and who, after receiving a Notice of the Hearing, fails to attend. The arbitrator may not render an Award solely on the basis of the default or absence of the party, but shall require any party seeking relief to submit such evidence as the arbitrator may require for the rendering of an Award.

j. The arbitrator shall declare the hearing closed upon the determination that all relevant material evidence has been presented. The closing of the hearing may be delayed until such time as posthearing briefs are submitted or closing arguments presented.

k. At any time before the Award is rendered, the arbitrator may re-open the hearing upon his or her own initiative or upon the application of a party for good cause. The time limits for rendering the Award will be extended accordingly.

l. The parties may agree to waive the oral hearing and submit the dispute to the arbitrator for an Award based on written submissions and other evidence as the parties may agree.

## 34. The Award

a. The Award shall be made within a reasonable time by the arbitrator, or within the time agreed to by the parties, or specified by law. The arbitrator may choose to keep the hearings open to accept post hearing briefs, issue interim Awards, or for any other reason.

b. Where a panel of arbitrators has heard the dispute, the decision and Award of a majority of the panel shall constitute the arbitration Award and shall be binding on the parties.

c. The Arbitrator is required to render a written, reasoned Award enumerating the disposition of each claim and the relief, if any, as to each claim. The Award must be signed by the Arbitrator and served on the parties. Service should be made by certified mail.

d. The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a

*Updated January 29, 2021*

**ADR**
**SERVICES, INC.**

# ARBITRATION RULES

contract or in addition to a final Award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and Awards. In any interim, interlocutory, or partial Award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such Award as the arbitrator determines is appropriate.

e. Within ten (10) calendar days after service of a signed copy of the Award, any party may serve upon the other parties and on ADR Services a request that the arbitrator correct any computational, typographical or other error in an Award. The Arbitrator may also initiate the process to correct errors in the Award. A party opposing such correction shall have ten (10) calendar days in which to file any objection. The arbitrator is not empowered to reconsider the merits of any claim already decided. The corrected Award shall be served upon the parties in the same manner as the Award. The Award is considered final, for purposes of a judicial proceeding to enforce, modify or vacate the Award, twenty (20) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award.

f. If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "Consent Award."

g. ADR Services shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of an Award in ADR Services' possession that may be required in judicial proceedings relating to the arbitration. This includes seeking to enforce an arbitration award in a foreign tribunal.

## 35. Confidentiality and Privacy

The case manager and the arbitrator shall maintain the confidential nature of the arbitration proceeding and the Award unless otherwise required by law or judicial decision. The arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information. The arbitrator has the sole discretion to prevent certain non-parties to the arbitration from attending all or part of the hearings.

## 36. Waiver of Objections

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object. If any party becomes aware of information that could be the basis of a challenge for cause to the continued service of the arbitrator, such challenge must be made promptly, in writing, to ADR Services. Failure to do so shall constitute a waiver of any objection to continued service by the arbitrator.

## 37. Exclusion of Liability

No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate. Parties to an arbitration under these rules shall be deemed to have consented to that judgment upon the arbitration Award that may be entered in any federal or state court having jurisdiction thereof. Neither ADR Services nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these rules.

The parties may not call the arbitrator, the case manager or any other ADR Services employee or agent as a witness or as an expert in any pending or subsequent litigation or other proceeding involving the parties and relating to the dispute that is the subject of the arbitration. The arbitrator, case manager and other ADR

# ARBITRATION RULES

Services employees and agents are also incompetent to testify as witnesses or experts in any such proceeding. The parties shall defend and/or pay the cost (including any attorneys' fees) of defending the arbitrator, case manager and/or ADR Services from any subpoenas from outside parties arising from the arbitration.

## 38. Sanctions

The arbitrator may order appropriate sanctions for failure of a party to comply with his/her/its obligations under any of these rules. These sanctions may include, but are not limited to, assessment of costs, exclusion of certain evidence, or in extreme cases ruling adversely on an issue submitted to arbitration against the party who has failed to comply.

## 39. Filing Fees

ADR Services has a nonrefundable initial filing fee. The filing fee is due upon filing of the arbitration claim in accordance with ADR Services' Fee Schedules.

## 40. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the Award assesses such expenses or any part thereof against any specified party or parties.

## 41. Neutral Arbitrator's Compensation

Arbitrators are compensated for all time spent working on the arbitration including, but not limited to, preparation and study, conducting the hearing, and deliberation and drafting of the Award. Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation. Any arrangement for the compensation of a neutral arbitrator shall be made through ADR Services and not directly between the parties and the arbitrator.

In the event of a protracted continuing arbitration, during which time the arbitrator has increased his or her stated rate of compensation in accordance with standard practice and procedure, the parties shall be given thirty (30) calendar days' notice and shall compensate the arbitrator at the increased rate, unless otherwise agreed upon by the arbitrator.

## 42. Payment of Fees

Counsel will be held responsible for payment of all charges associated with the neutral's services in this matter. For purposes of apportioning fees, party entities whose interests are not adverse with respect to the issues in dispute may be treated as a single party. Where disputed, the arbitrator shall determine whether the interests between entities are adverse for purpose of fees, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the arbitration.

ADR Services requires that counsel deposit the fees and expenses for the arbitration at least sixty (60) calendar days in advance of the first evidentiary hearing. If arbitrator compensation has not been paid in full in advance, ADR Services may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the



# ARBITRATION RULES

proceedings. If a party has failed to deposit its pro-rata or agreed-upon share of the fees and expenses, that party will be precluded from offering evidence in support of any affirmative relief at the hearing.

Although ADR Services will make an estimate of the time necessary to be billed in the first statement, additional time may be billed as used. Payment accounts of the parties must be kept current, and ADR Services reserves the right to hold the Award until all fees due and owing have been paid.

The arbitrator may in the Award assess such fees and expenses or any part thereof against any party. In the event that one party has not appeared and the other party has paid the full amount of the fees, upon request the arbitrator shall award the defaulting party's share of the fee obligation against it and in favor of the party that has paid. In addition, the arbitrator may award against any party any costs or fees that the party owes with respect to the arbitration.

# EXHIBIT B



# ARBITRATION RULES

## Table of Contents

1. Applicability of these Rules ........................................................................................................ 3

2. Procedural Modifications ........................................................................................................... 3

3. Amendment of Rules .................................................................................................................. 3

4. Conflict with Law and Severability ............................................................................................ 4

5. Commencing an Arbitration ....................................................................................................... 4

   A) By Demand: ............................................................................................................................. 4

   B) By Stipulation: ........................................................................................................................ 5

   C) By Court Order: ...................................................................................................................... 5

   D) Procedure Following Submission Via Stipulation or Court Order: ........................................ 5

6. Notice of Claims, Counterclaims and Affirmative Defenses ...................................................... 5

7. Changes of Claim ........................................................................................................................ 6

8. Jurisdiction ................................................................................................................................. 6

9. Administrative Conference (ADR Services) ................................................................................ 6

10. Mass Arbitrations ..................................................................................................................... 6

11. Fixing of Locale ......................................................................................................................... 8

12. Arbitrator Selection and Appointment .................................................................................... 8

13. Notice of Appointment and Disclosures ................................................................................ 10

14. Service .................................................................................................................................... 10

15. Service by Publication ............................................................................................................ 11

16. Electronic Submission and Transmission ............................................................................... 11

17. Representation ....................................................................................................................... 11

18. Attendance at Hearings .......................................................................................................... 12

19. Withdrawal from Arbitration .................................................................................................. 12

20. Communication with the Arbitrator ....................................................................................... 12

   A) Ex Parte Communication: ..................................................................................................... 12

   B) Ex Parte Application for Relief: ............................................................................................. 13



# ARBITRATION RULES

21. Preliminary Hearing (Initial Arbitration Management Conference) ....................................................... 13

22. Discovery ....................................................................................................................................................... 13

23. Pre-Arbitration "Pleading" Motions ......................................................................................................... 14

24. Interim Measures and Motions for Summary Judgment/Adjudication of a Claim or Issue ................ 14

25. Emergency Provisional Relief ..................................................................................................................... 15

26. Mediation ..................................................................................................................................................... 15

27. Date, Time, and Place of the Arbitration Hearing ................................................................................... 16

28. Stenographic Record .................................................................................................................................. 16

29. Interpreter .................................................................................................................................................... 16

30. Postponement of Hearings ......................................................................................................................... 16

31.  Arbitration in the Absence of a Party or Representative ........................................................................ 16

32. Pre-Arbitration Hearing Exchange, Witness/Exhibit Lists and Briefs .................................................. 17

33. Securing Witnesses and Documents for the Arbitration Hearing .......................................................... 17

34. The Arbitration Hearing ............................................................................................................................ 17

35. The Award ................................................................................................................................................... 19

36. Confidentiality and Privacy ...................................................................................................................... 19

37. Waiver of Objections or Right to Arbitrate ............................................................................................. 20

38. Exclusion of Liability/Competence to Testify ......................................................................................... 20

39. Sanctions ..................................................................................................................................................... 20

40. Filing and Administrative Fees ................................................................................................................. 20

41. Other Expenses Incurred by the Parties ................................................................................................... 20

42. Neutral Arbitrator's Compensation .......................................................................................................... 21

43. Payment of Arbitrator's Fees .................................................................................................................... 21

44. Declining or Discontinuing Arbitration ................................................................................................... 22

# ARBITRATION RULES

*As an Administrator, ADR Services, Inc.'s role is to manage the administrative aspects of arbitrations and other dispute resolution matters, including facilitating the appointment of an Arbitrator or other dispute resolution Neutral, scheduling hearings, and handling the invoicing and payment of fees. ADR Services, Inc. does not decide the merits of a case or make substantive rulings on any of the issues presented. Because the Administrator's role is solely organizational and administrative, ADR Services, Inc. has no power or jurisdiction to provide legal advice, reconsider, overrule, change, or dictate any Neutral's decisions or rulings.*

## 1. Applicability of these Rules

A) <u>Agreement of the Parties</u>. The parties shall be deemed to have made these rules a part of their arbitration agreement whenever their arbitration contract provides for arbitration with a Neutral on ADR Services, Inc.'s panel and/or administration of the arbitration by ADR Services, Inc. (hereafter "ADR Services"), or whenever the parties have otherwise agreed to the applicability of these rules. Any dispute between the parties regarding the applicability or interpretation of these Rules shall be reserved for and resolved by binding decision of the arbitrator.

B) <u>Effective Version</u>. The Rules, and any amendment thereof, which shall apply to the arbitration will be those in effect at the time the demand for arbitration, submission agreement or court order is received by ADR Services.

C) The governing law shall default to the California Arbitration Act and Code of Civil Procedure where: (1) the parties' arbitration agreement is silent as to the designated arbitration provider and/or applicable rules, (2) the parties have not otherwise mutually agreed to the applicable rules, and/or (3) these rules are silent as to any process or procedure.

## 2. Procedural Modifications

The arbitral authority of ADR Services is as set forth in the agreement of the parties and in these rules, and may be carried out through ADR Services' representatives as it may direct. The parties may agree on any procedures not specified in these rules that are consistent with the applicable law and ADR Services policies. The parties shall promptly notify the ADR Services Case Manager of any such party-agreed procedures and shall confirm such procedures in writing. The party-agreed procedures shall be enforceable as if contained in these rules.

## 3. Amendment of Rules

ADR Services may amend these rules without notice. If the parties have agreed to use these rules by contract or stipulation, the rules in effect on the date of the commencement (see Rule 5 below) of an arbitration shall apply to that arbitration, unless the parties have specified another earlier version of the rules. The current and archived versions of the rules are available on ADR Services' website at www.adrservices.com/arbitration-rules.

**ADR**
SERVICES, INC.

# ARBITRATION RULES

## 4. Conflict with Law and Severability

If any of these rules, or a modification of these rules as agreed upon by the parties, is determined by the arbitrator to be in conflict with applicable law, the provision of law will govern, and no other rule will be affected.

## 5. Commencing an Arbitration

There are three ways to commence an arbitration with ADR Services: By Demand; By Stipulation; and By Court Order.

    A) <u>By Demand</u>:

An arbitration may be commenced by submitting the "Demand for Arbitration" form. A demand occurs when a party to a contract with an arbitration clause that names ADR Services or these rules serves a written Demand for Arbitration concurrently on ADR Services and the opposing party(ies). This form is available on ADR Services' website at www.adrservices.com/services/forms.

    1. The initiating party (the "claimant") shall, within the time period, if any, specified in the contract(s), give to the other party (the "respondent") written notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the claims and remedies sought, and the hearing locale requested. Where the respondent is already represented by counsel, notice of the demand provided to such counsel shall be deemed notice to the respondent.

    There are several methods for submission of the demand to ADR Services, including mailing a hard copy of the demand to any office of ADR Services, submitting the demand electronically through ADR Services, Inc.'s website (https://www.adrservices.com/services-2/demand-for-arbitration/), submitting the demand by email to demands@adrservices.com, and uploading the demand to ADR Services, Inc.'s Case Management System ("AMS") at https://ams.adrservices.com/inquiries/create/demand/. The demand shall be submitted together with a copy of the applicable arbitration provision(s) of the contract, a copy of any complaint previously filed with the court, and a proof of service of the demand on the respondent(s) or respondent(s)' counsel.

    2. ADR Services will confirm receipt of the demand by issuing a Commencement Letter to the parties outlining the procedure for continuing with initiation of the arbitration. The date of commencement of the arbitration is the date of the Commencement Letter for the procedures set forth in these rules only. It is not intended to supersede any legal requirements such as the statute of limitations, any contractual limitations period or claims notice requirements.

    3. Within fifteen (15) calendar days after service of the Commencement Letter, a respondent may submit to ADR Services and serve on all other parties an answering statement and, if applicable, a statement of any affirmative defenses and/or counterclaims. The respondent shall, at the same time as any such filing, send a copy of the answering statement, a statement of affirmative defenses or a counterclaim to the claimant. If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedies sought. Within fifteen (15) calendar days of service of a counterclaim, a claimant may submit to ADR Services and serve on other parties a response to such counterclaim. If no answering statement is filed within the stated time, respondent will be deemed to deny the claim or counterclaim and consent to arbitration. ADR Services reserves the right to extend the deadline for the filing of an answering statement or a counterclaim upon

# ARBITRATION RULES

written request. Failure to file an answering statement shall not operate to delay the arbitration, which shall proceed after fifteen (15) calendar days (or any granted extension) regardless of whether an answering statement has been submitted.

### B) By Stipulation:

An arbitration may be jointly commenced via submission (stipulation) in the following manner:

1. The submission to ADR Services of a post-dispute arbitration agreement fully executed by all parties that specifies ADR Services administration or use of any ADR Services rules; or

2. The oral agreement of all parties to participate in an arbitration administered by ADR Services or conducted pursuant to any ADR Services rules, confirmed in writing by all parties; or

3. By filing at any office of ADR Services a copy of a written submission to arbitrate under these rules, signed by all parties. It shall contain a statement of the nature of the dispute, the names and addresses of all parties, any claims and counterclaims, the amount involved, if any, the remedy sought, and the hearing locale requested. Unless the parties state otherwise in the submission, all claims and counterclaims will be deemed to be denied by the other party.

### C) By Court Order:

An arbitration may also be commenced via submission of a Court Order compelling arbitration. The Court Order shall be submitted to ADR Services together with a copy of the parties' arbitration agreement as well as any Complaint, Answer, Cross-Complaint, or other pleading filed with the Court, which shall be presumed to be the operative pleadings for the arbitration unless otherwise specified by the parties or set forth in the Court Order.

### D) Procedure Following Submission Via Stipulation or Court Order:

When arbitration has been commenced by stipulation or court order, ADR Services will send:

(1) a Commencement Letter if no arbitrator has been agreed upon or appointed and the procedures set forth in ¶5(a)(3) above will apply; or

(2) an Initiation of Arbitration Letter/Packet setting forth the next steps to move forward with administration of the matter where an arbitrator has been pre-selected. Any pleadings (Complaint, Statement of Claims, Answer, Cross-Complaint, or Counterclaims) not previously filed with the Court or submitted to ADR Services shall be provided within a reasonable time or as determined by the Arbitrator during the initial arbitration management conference.

## 6. Notice of Claims, Counterclaims and Affirmative Defenses

Each party shall provide reasonable and timely notice to the arbitrator and other parties of all claims, remedies/relief sought, counterclaims and affirmative defenses that will be asserted in the matter. Notice may be provided: (a) in the Demand for Arbitration, answering statement and/or counterclaim; (b) by attaching a copy of any previously filed Complaint, Answer or Cross-Complaint; or (c) by attaching a separate Statement of Claims or Counterclaims. The notice shall include a brief description of the factual basis for each claim, affirmative defense, and/or counterclaim. No claim, remedy, counterclaim, or affirmative defense will be considered by the arbitrator in the absence of such prior notice, which is to be provided no later than ninety (90) calendar days before the initial date for arbitration, unless the arbitrator

## ARBITRATION RULES

determines that no unfair prejudice has occurred or all parties agree that such consideration is appropriate notwithstanding the lack of prior notice.

## 7. Changes of Claim

After filing a claim and where no arbitrator has been appointed, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with ADR Services. The party asserting such a new or different claim or counterclaim shall provide a copy to the other party, who shall have fifteen (15) calendar days from the date of such transmission within which to file an answering statement with ADR Services. If no answering statement is filed, the respondent will be deemed to have denied the claim.

Once an arbitrator has been appointed, no new or different claim may be submitted absent the arbitrator's consent.

## 8. Jurisdiction

Unless the issue of arbitrability has been previously determined by the court, the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement. In addition, the arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the balance of the contract is void shall not for that reason alone render invalid the arbitration clause. A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final Award.

## 9. Administrative Conference (ADR Services)

ADR Services may, at its discretion or at the request of the parties, contact the parties by telephone or email to discuss procedural matters such as the pleadings or notice of claim sequence, arbitrator selection, locale and the needs and expectations of the parties in conjunction with the arbitration process. This includes, but is not limited to, procedural matters related to mass arbitration filings such as batching and the potential appointment of a Threshold Arbitrator. ADR Services or the parties may request additional telephonic conferences as necessary.

## 10. Mass Arbitrations

A) Definition of Mass Arbitration

The designation of "mass arbitration" shall apply when twenty (20)* or more arbitration claims are filed which involve the same or similar parties; are based on the same or similar claims which arise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact; and involve the same or coordinated counsel for the parties. If a dispute arises regarding whether the cases satisfy this criteria, ADR Services reserves the right to make a final determination. (*Or as otherwise defined in the parties' arbitration agreement.)

**ADR SERVICES, INC.**

# ARBITRATION RULES

B) <u>Request for Threshold Arbitrator</u>

To promote the timely resolution of threshold issues and/or disputes between the parties, ADR Services will appoint a Threshold Arbitrator upon receipt of a written request of either party following the administrative conference (Rule 9) and/or prior to the selection and appointment of the "merits" arbitrator(s). Such threshold issues and disputes include, but are not limited to: (i) whether the arbitration demands qualify for designation as "mass arbitrations" for which ADR Services has not made a determination; (ii) disputes regarding the payment of filing or administrative fees; (iii) compliance with any mandatory informal resolution procedures or other applicable preconditions; (iv) whether the dispute qualifies as a "threshold issue" for appropriate determination by the Threshold Arbitrator; (v) which demands qualify for inclusion in the "mass arbitration" designation, including later filed demands; and (vi) any other non-merits administrative issue agreed upon by parties in writing to be presented to the Threshold Arbitrator. (The parties may also, after appointment of the merits arbitrator(s), mutually agree to have the Threshold Arbitrator or other Neutral hear and resolve any discovery disputes common to all claims.)

The Threshold Arbitrator's decision(s) shall be final and binding upon the parties and the merits arbitrator(s) unless otherwise designated by the Threshold Arbitrator.

Once a request is made to ADR Services for appointment of a Threshold Arbitrator, ADR Services may suspend further processing of the mass arbitration demands, including the further payment of administrative costs deemed due with respect to those demands for which a dispute has been raised, until the issues have been resolved and/or the Threshold Arbitrator has issued a final determination.

The requesting party shall be responsible for the administrative fees and Threshold Arbitrator fees associated with these initial proceedings. If requests are received from both sides, the fees shall be shared by the parties 50/50.

C) <u>Selection and Appointment of Threshold Arbitrator</u>

Upon receipt of a party's request for appointment of a Threshold Arbitrator, ADR Services shall send simultaneously to each party a list of five (5) candidates from the panel of neutrals. The parties are encouraged to agree to a Threshold Arbitrator from the list and to advise ADR Services of their agreement. If the parties have agreed upon, or their agreement provides, specific criteria for the list (e.g., retired judges only, or a combination of retired judges and attorneys, from a particular panel), the requesting party shall include that information in the written request.

If the parties are unable to agree upon an arbitrator, each side shall have five (5) business days from the transmittal date of the list of candidates in which to strike up to two (2) names objected to, number the remaining names in order of preference, and return the list to ADR Services. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable and ADR Services shall appoint the Threshold Arbitrator identified as most acceptable by the party who returned the list. If the parties fail to agree on any of the persons named, ADR Services shall appoint the Threshold Arbitrator that was most acceptable to the parties as indicated by their preferences. If the ranking of the parties' preferences results in a "tie" between two or more selected arbitrators, ADR Services shall make the appointment from amongst those preferred candidates. If the most preferred candidate is unable to act, or if for any other reason the appointment cannot be made, the next most acceptable candidate as indicated by the parties' preferences shall be selected without the provision or submission of additional lists.

# ARBITRATION RULES

The selected Threshold Arbitrator shall disclose any ground likely to affect his or her impartiality based on the facts disclosed in the demands. (Please note that ADR Services must be in receipt of the mandatory Mass Arbitration Excel Spreadsheet (Claimants) and Arbitration Registration Form (Claimants and Respondent(s)) in order to prepare and issue disclosures.) Any challenge to the appointed Threshold Arbitrator must be received by ADR Services within five (5) business day of the notice of the appointment and disclosures.

ADR Services may extend the time periods provided in this section for selection and appointment of a Threshold Arbitrator upon written request from the parties.

D) Preliminary Hearing with Threshold Arbitrator

Once appointed, the Threshold Arbitrator will schedule as soon as practicable a preliminary hearing or initial conference with the parties' representatives to clarify the issues to be addressed, set any briefing and hearing schedule, and discuss any other preliminary matters unrelated to the merits of the claims. The preliminary hearing may be conducted by telephone or through a remote appearance platform (such as Zoom) at the Threshold Arbitrator's discretion.

E) Appointment of "Merits" Arbitrator(s) and Proceeding with Arbitrations

Once all issues submitted to the Threshold Arbitrator have been resolved and/or decided, the process for selection of the arbitrators to hear the matters on the merits shall proceed as set forth below in Rule 12. ADR Services or the parties may request an additional Administrative Conference to discuss a mutually optimal procedure for the efficient appointment of the arbitrators to hear and determine the matters.

## 11. Fixing of Locale

The parties should mutually agree on the locale where the arbitration is to be held. If any party requests or has demanded that the hearing be held in a specific locale, the other party may object at any time by contacting ADR Services and providing notice to the other party. If no objection is received within fifteen (15) calendar days after notice that a demand or request has been submitted to ADR Services, the locale shall be the one requested. The 15-day period is not tolled pending issuance a Commencement Letter from ADR Services. If a party promptly objects to the locale requested by the other party and no arbitrator has been appointed, ADR Services shall have the power to determine the locale, and its decision shall be final and binding.

## 12. Arbitrator Selection and Appointment

Arbitrations shall be conducted by one neutral arbitrator unless all Parties agree otherwise. In cases involving more than one arbitrator (i.e., a panel arbitration), the Parties shall each select their own neutral or non-neutral party arbitrator and may also agree on the third neutral arbitrator to serve as the chairperson for the panel. In the absence of an agreement by the Parties, their respective party arbitrators shall select and designate the neutral arbitrator to act as chairperson for the arbitration panel. If the parties and the arbitrators agree, the chairperson may, acting alone, resolve discovery disputes and rule on other procedural matters.

If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed. The notice of appointment, with the name and address of the arbitrator, shall be filed with ADR Services by the appointing party. If the agreement specifies a time-period

# ARBITRATION RULES

within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the appointment shall be made by ADR Services pursuant to the strike and rank process set forth below. If no time-period is specified in the agreement, ADR Services shall notify the parties to make the appointment. If within fifteen (15) calendar days after such notice has been sent, an arbitrator has not been appointed by a party, ADR Services shall make the appointment in accordance with the strike and rank process below.

Unless the Arbitrator has been previously selected by agreement of the parties, ADR Services may attempt to facilitate agreement among the parties regarding selection of the arbitrator. If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

A) Following the filing of the submission to arbitration or the answering statement or the expiration of the time within which the answering statement is to be filed, ADR Services shall send simultaneously to each party to the dispute an identical list of names of persons chosen from the panel. The list shall contain a minimum of seven (7) names. The parties are encouraged to agree to an arbitrator from the submitted list and to advise ADR Services of their agreement. If the parties have agreed upon, or their agreement provides, specific criteria for the list (e.g., retired judges only, or a combination of retired judges and attorneys, from a particular panel), the parties shall notify ADR Services either in the demand for arbitration or within ten (10) calendar days after ADR Services sends the Commencement Letter.

B) If the parties are unable to agree upon an arbitrator, each party to the dispute shall have fifteen (15) business days from the transmittal date of the list of arbitrators in which to strike up to three (3) names objected to, number the remaining names in order of preference, and return the list to ADR Services. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable and ADR Services shall appoint the arbitrator identified as most acceptable by the party who returned the list. If the parties fail to agree on any of the persons named, ADR Services shall appoint the arbitrator that was most acceptable to the parties as indicated by their preferences. If the ranking of the parties' preferences results in a "tie" between two or more selected arbitrators, ADR Services shall make the appointment from amongst those preferred arbitrators.  If the most preferred arbitrator(s) are unable to act, or if for any other reason the appointment cannot be made, the next most acceptable arbitrator(s) as indicated by the parties' preferences shall be selected without the provision or submission of additional lists.

C) Entities whose interests are not adverse with respect to the issues in dispute shall be treated as a single party for purposes of the arbitrator selection process. ADR Services shall determine whether the interests between entities are adverse for purposes of arbitrator selection, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the arbitration.

D) Any disclosures required by law to be made by a selected arbitrator shall be served by electronic mail to the counsel of record for each represented party within ten (10) calendar days from the notice of the proposed nomination or appointment. The parties have fifteen (15) calendar days after the service of the proposed arbitrator's disclosure statement to object to the appointment of the arbitrator based upon the disclosures made. If no written objection is received by ADR Services within that time frame, it is considered waived.

E) At any time before the conclusion of the arbitration proceeding, a party may challenge the continued service of an arbitrator on any of the "judicial-type" grounds listed in Code of Civil Procedure Section 170.1. The challenge must be based upon information that was not available to the parties at the

*Updated October 7, 2024*

Back to Top

## ADR
### SERVICES, INC.
# ARBITRATION RULES

time the arbitrator was selected. A challenge for cause must be in writing and exchanged with opposing parties, who may respond within seven (7) days of service of the challenge. The challenge will be ruled upon by the Arbitrator, which shall be conclusive. This provision does not apply to information contained in and/or acquired through the arbitrator's disclosures in the matter.

## 13. Notice of Appointment and Disclosures

Notice of the appointment of the neutral arbitrator, whether the appointment has been made by contract, mutually by the parties or by ADR Services, shall be sent to the arbitrator by ADR Services prior to the opening of the first hearing.

When engaging the services of ADR Services, the Parties are asked to provide information regarding the dispute at issue, as well as a list of all persons or entities involved and their counsel or representatives in the mandatory Arbitration Registration Form. This information is relied upon by ADR Services in preparing and issuing the necessary disclosures. ADR Services does not investigate, research, or question the validity or accuracy of this information.

In light of the arbitrator's ongoing obligation to provide disclosure information throughout the matter, it is the responsibility of Counsel to ensure that ADR Services is provided on an ongoing basis with the most complete, accurate, and current information relating to their matter. This includes identifying any and all parties, entities and attorneys who will be involved throughout the process, and providing separate written notice to ADR Services of any change in parties or counsel.

Based upon the information provided by counsel/parties and pursuant to the relevant code sections in force at the time of the appointment of the arbitrator, including the Ethics Standards for Neutral Arbitrators in Contractual Arbitration as adopted by the Judicial Council pursuant to Section 1281.85 of the Code of Civil Procedure, any person appointed as a neutral arbitrator shall disclose to ADR Services facts, information or circumstances that may constitute a conflict of interest or cause a person aware of the facts to reasonably entertain a doubt that the arbitrator would be able to be impartial. Upon receipt of such information from the arbitrator or another source, ADR Services shall communicate the information to the parties in accordance with the applicable standards.

## 14. Service

Any notices or documents necessary for the initiation or continuation of the arbitration under these rules is accomplished by providing one copy of the document to each party and one copy to the case manager on behalf of the arbitrator. Service may be made by hand-delivery, overnight delivery service or U.S. mail. Service by facsimile or electronic mail will be deemed sufficient if agreed upon by the parties or their counsel and notice of the agreement is provided to ADR Services and/or the arbitrator.

Service by hand-delivery, overnight delivery service or U.S. mail shall be considered effective upon the date of deposit of the document. When the method of service is by the U.S. Mail only, three (3) calendar days shall be added to the prescribed period for service within California and five (5) calendar days for mail outside of California. Service by facsimile or electronic mail is considered effective upon transmission.

Service will be deemed sufficient if the documents are sent to the last known mailing address or email address given on any document presented by a self-represented party or a party's attorney. It is the party's or attorney's duty to submit and serve a notice of change of address or email address to ADR Services and

# ARBITRATION RULES

all other parties or counsel while the matter is pending. ADR Services relies upon the contact information provided by the parties and is not responsible for a challenge to the Award based on lack of proper notice.

ADR Services shall serve all arbitrator disclosures to the counsel of record for represented parties by electronic mail.

The Award shall be served by certified mail.

Unless otherwise instructed by ADR Services or by the arbitrator, any documents submitted by any party to ADR Services or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## 15. Service by Publication

Where a thorough, systematic search and inquiry for the whereabouts of the respondent or other party has been conducted and unsuccessful attempts to serve by another approved method have failed, the serving party may seek a court order allowing the demand for arbitration and other related documents to be served by publication in accordance with Code of Civil Procedure Section 415.50. The court order along with proof of publication shall be submitted to ADR Services.

## 16. Electronic Submission and Transmission

ADR Services sends and receives documents via electronic mail. All documents sent by electronic mail will be deemed submitted to ADR Services if transmitted no later than 11:59 p.m., Pacific Standard Time. Proof of transmission is sufficient to raise a rebuttable presumption that service was accomplished in the ordinary course.

When a document to be submitted requires a signature of an attorney or a self-represented party, not under penalty of perjury, the document shall be deemed to have been signed by that attorney or self-represented party if submitted electronically. The signature block shall set forth the typed name, address and telephone number of a signing attorney or self-represented party.

When a document to be submitted must be signed under penalty of perjury of any person: (1) the party submitting the document must obtain the signatures of all parties on a printed form of the document either prior to or the same day as the date of submission; (2) the party filing the document must maintain the original, signed document and must make it available for inspection and copying; and (3) by electronically submitting the document, the submitting party indicates that all necessary persons or parties have signed the document and that the submitting party has the document bearing the original signature in his or her possession. (See Code of Civil Procedure Section 1010.6.)

Documents electronically transmitted by the arbitrator to the parties and/or their counsel shall be deemed signed by the arbitrator. (Civil Code Section 1633.7(a); California Rules of Court rule 2.257(e).)

## 17. Representation

Where a party to the arbitration is a natural person, he or she may be represented by counsel of that party's choosing or may represent themselves *in propria persona*. However, ADR Services reserves the right to decline to administer an arbitration in the event a party opts to proceed *in propria persona*. Where a party to the arbitration is a legal entity such as a corporation, limited liability company (LLC) or partnership, that entity party must be represented by counsel.

# ADR
## SERVICES, INC.

# ARBITRATION RULES

Each Party shall give prompt written notice to the case manager and the other parties of the name, address, telephone number, fax number and email address of its counsel. Where a party is self-represented, he or she must provide ADR Services and all other parties with a valid mailing address (other than a post-office box) and a valid, regularly monitored email address for the receipt of any and all documents exchanged by the parties or sent by ADR Services throughout the duration of the arbitration.

Any change in representation must be accomplished through either submission of a completed Substitution of Attorney form (Judicial Council Form MC-050) or by noticed motion to be relieved as counsel (California Rules of Court rule 3.1362). If there is a change in representation, the party shall give prompt written notice to the case manager and all other parties, including the name, address, telephone number, fax number and email address of the new attorney. The notice shall indicate that written consent of the former attorney, if any, as well as the new attorney was obtained for the substitution and shall state the effective date of the new representation.

## 18. Attendance at Hearings

The arbitrator and ADR Services shall maintain the privacy of the hearings unless the law provides to the contrary. Any party or representative having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person other than a party and his/her/its representatives.

The arbitrator may proceed with any hearing despite the absence of a party so long as that party received proper notice as set forth in Rules 14 or 15 above and thereafter fails to respond or attend. However, the arbitrator may not grant relief or issue an Award based solely on the default or absence of the party. The party seeking relief bears the initial burden of establishing a right to such relief based upon a proper evidentiary showing.

The Notice of Hearing shall specify if it will be conducted in person, through a remote appearance platform such as Zoom, or telephonically. Pre-arbitration hearings are typically conducted telephonically or through a remote performance platform such as Zoom. Absent mutual agreement of the parties, the Arbitrator shall determine, at his or her discretion, the optimal manner by which the arbitration hearing shall proceed.

## 19. Withdrawal from Arbitration

No party may terminate or withdraw from an arbitration after the appointment of the arbitrator except by written agreement of all parties to the arbitration. A party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other parties and on the arbitrator. However, the opposing parties may, within fifteen (15) calendar days of service of notice of the withdrawal of the claim or counterclaim, request that the Arbitrator order that the withdrawal be with prejudice.

## 20. Communication with the Arbitrator

A) Ex Parte Communication: No party and no one acting on behalf of any party shall communicate unilaterally (*ex parte*) concerning the arbitration with a neutral arbitrator or a candidate for neutral arbitrator. Any necessary *ex parte* communication with ADR Services, whether before, during or

# ADR
### SERVICES, INC.

## ARBITRATION RULES

after the arbitration hearing, shall be conducted through the case manager. If a communication is received by a case manager for review by the arbitrator, it must generally (and with limited exception) be copied to all counsel or parties before it can be forwarded to the arbitrator.

If any *ex parte* communication occurs, the arbitrator will promptly inform the other parties of the communication and provide the other parties an opportunity to respond before making any final determination concerning the matter discussed. (Ethics Standards, std. 14(b).)

B) <u>Ex Parte Application for Relief</u>: An *ex parte* application is used by one party to ask the arbitrator for an order, such as an order changing a hearing date or deadline, without the full notice required for a noticed motion. It is used when exigent or emergency circumstances arise that require the arbitrator's early intervention to prevent prejudice to the requesting party.

Counsel for the requesting party must submit the *ex parte* application to the arbitrator's case management team (not directly to the arbitrator) no later than 10:00 a.m. at least one (1) business day before any hearing can be held. Notice of the *ex parte* application must be provided by the requesting party to all sides in the case. Any written opposition may be submitted in advance of the hearing; otherwise, oral argument will be considered by the arbitrator absent written opposition. The arbitrator's case manager will provide the arbitrator's earliest availability and send a notice of the hearing date and time selected.

## 21. Preliminary Hearing (Initial Arbitration Management Conference)

At the request of any party or at the discretion of the arbitrator or ADR Services, the arbitrator may schedule as soon as practicable a preliminary hearing or initial arbitration management conference with the parties and/or their representatives. The preliminary hearing may be conducted by telephone or through a remote appearance platform (such as Zoom) at the arbitrator's discretion. During the preliminary hearing, the parties and the arbitrator should discuss such issues as the future conduct of the case, including clarification of the issues, document exchange, a schedule for the hearings, discovery, the form of the Award, the length of the arbitration, and any other preliminary matters.

## 22. Discovery

A) <u>Initial Exchange</u>. Mindful of the goal of completing arbitration promptly and economically, the parties shall cooperate in good faith to voluntarily, promptly, and informally exchange all nonprivileged documents and other reasonably available information relevant to the dispute or claim, including electronically stored information ("ESI"). (See Code of Civil Procedure Section 2016.090.) Where privileged documents have been withheld, the withholding party shall provide a privilege log with sufficient specificity to allow a determination of whether each withheld document is or is not (in) fact privileged. Documents that have not been previously exchanged, or witnesses and experts not previously identified, may not, at the arbitrator's discretion, be considered at the hearing, unless agreed by the parties or upon a showing of good cause.

After the appointment of the arbitrator or arbitrators, the parties to the arbitration shall have the right to obtain discovery and to use and exercise  the same rights, remedies, and procedures, and be subject to the same duties, liabilities, and obligations in the arbitration as if the subject matter of the arbitration were pending before a superior court of California, other than a limited civil case.

Depositions for discovery shall not be taken unless leave to do so is first granted by the arbitrator(s) as deemed necessary to a full and fair exploration of the issues in dispute and consistent with the expedited

**ADR**
**SERVICES, INC.**

# ARBITRATION RULES

nature of arbitration. The parties shall attempt to agree on the time, location, and duration of any deposition(s), and if the parties do not agree these issues shall be determined by the arbitrator.

B) <u>Discovery Subpoenas</u>. The Arbitrator may issue subpoenas for the attendance of witnesses and/or the production of documents pursuant to Code of Civil Procedure Section 1282.6. In the event a party or a subpoenaed person objects to the subpoena, that party or person may file an objection with the arbitrator which will initiate the discovery dispute procedure below.

C) <u>Discovery Disputes</u>. The parties shall promptly notify the case manager when an unresolved dispute exists regarding discovery issues. At the arbitrator's discretion, the case manager will arrange an informal discovery conference ("IDC") with counsel and/or the parties, either by telephone, remote appearance platform, or in person, and the arbitrator shall provide his or her recommendations for resolution of the dispute. If the dispute is not resolved by this informal procedure or further meet and confer efforts, the matter may proceed by noticed motion and the arbitrator will issue a binding decision.

## 23. Pre-Arbitration "Pleading" Motions

As in court proceedings, the arbitrator(s) may allow the parties to file and serve dispositive pleading motions such as demurrers, motions to strike and motions for judgment on the pleadings. In order to be considered, the motion must be "dispositive." A written request for leave to present the motion must first be submitted to the Arbitrator by concise letter brief, copied to all sides, demonstrating that the motion is likely to succeed and dispose of or narrow the issues in the case. The party opposing the request may submit a concise responsive letter brief indicating why the motion should not be considered. The arbitrator may grant or deny the request based upon the parties' letter briefs alone or may schedule a telephonic or remote conference, at his or her discretion.

## 24. Interim Measures and Motions for Summary Judgment/Adjudication of a Claim or Issue

(A) <u>Interim Measures</u>: The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods. Such interim measures may take the form of an Interim Award, and the arbitrator may require security for the cost of such measures. If any bond, undertaking, or security requirement is imposed, the parties must make any necessary arrangements with a third-party surety company or other entity to hold and/or maintain the funds. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or constitute a waiver of the right to arbitrate.

(B) <u>Summary Judgment/Adjudication Motions</u>: A party or representative of a party may make a motion for summary judgment or summary adjudication of a particular claim or issue to be decided by the arbitrator. The moving party shall, after meeting and conferring with the other party as to a desired hearing date, contact the case manager to determine the arbitrator's availability. If the parties are unable to agree to a hearing date, one will be selected by the arbitrator. Unless otherwise specified by the arbitrator, the applicable requirements and briefing schedule shall be in accordance with Code of Civil Procedure Section 437c.

**ADR**
SERVICES, INC.

# ARBITRATION RULES

## 25. Emergency Provisional Relief

Where a party seeks emergency provisional relief, such as a temporary restraining order, but an arbitrator or arbitration panel has not yet been appointed, the party shall promptly notify ADR Services and all other parties in writing that such relief will be sought.

Notice may be given by facsimile, electronic mail, or other reliable means. The written notice for an emergency order shall include the nature and basis of the relief sought and why the matter is appropriately handled on an emergency basis – i.e., a factual showing of irreparable harm, immediate danger, or any other statutory basis for granting relief.

The notice must also be accompanied by a completed sworn declaration that includes one of the following: (a) that notice was given, including the date, time, manner, and name of the party informed, the relief sought, any response, and whether opposition is expected; (b) that the applicant in good faith attempted to inform the opposing party but was unable to do so, specifying the efforts made to inform the opposing party; or (c) that, for reasons specified, the applicant should not be required to inform the opposing party.

ADR Services shall, within two (2) business days of receipt of notice as provided above, appoint a single emergency arbitrator to rule on the emergency application. The emergency arbitrator shall immediately disclose any ground likely to affect his or her impartiality based on the facts disclosed in the application. Any challenge to appointed emergency arbitrator must be made within one (1) business day of ADR Services' notice of the appointment and disclosure.

The emergency arbitrator shall notify the parties, no later than two (2) business days following the appointment, of the schedule and manner in which the emergency application will be considered. The proceeding may occur telephonically or in any other manner calculated to provide all parties with a reasonable opportunity to be heard. The emergency arbitrator shall have the authority to determine jurisdiction (see Rule 8, *infra*) and shall resolve any disputes regarding the applicability of this rule.

If the emergency arbitrator is satisfied that the party seeking emergency relief has made a factual showing of irreparable harm, immediate danger, or any other statutory basis for granting relief, he or she may enter an interim order granting the relief and stating the grounds therefor. As a condition of the relief granted, the emergency arbitrator may require the party seeking emergency relief to post a bond or other security.

The emergency arbitrator shall retain the power to modify or reconsider the interim order until the appointment of an arbitrator or arbitration panel for consideration of the entire matter. The emergency arbitrator shall apportion the costs associated with the application, which may later be adjusted by the arbitrator or arbitration panel in issuing the final award.

This rule is not intended to supplant or supersede the power of a judicial authority to issue such emergency relief. Where a party seeks emergency relief from the court, it shall not be in conflict with these rules or otherwise affect the right to arbitrate the dispute.

## 26. Mediation

At any stage of the proceedings, the parties may agree to engage in mediation in order to facilitate settlement. Generally, the mediator should not be the arbitrator appointed to decide the case. Should the parties agree to mediate the matter with the appointed arbitrator, they may do so following execution of the necessary written stipulation available through ADR Services.

ADR
SERVICES, INC.

# ARBITRATION RULES

## 27. Date, Time, and Place of the Arbitration Hearing

After consulting with the parties, the arbitrator shall determine the date, time, and place of the arbitration hearing. Absent mutual agreement of the parties, the Arbitrator shall determine, at his or her discretion, the optimal manner by which the arbitration hearing shall proceed (i.e., telephonically, through a remote appearance platform, or in person).The arbitrator and the parties shall attempt to schedule consecutive hearing days if more than one day is necessary.

If a party has failed to appear or participate in the proceedings and the arbitrator reasonably believes that the party will not participate in the hearing, the arbitrator may set the hearing without consulting with that party. The non-participating party shall be served with a Notice of Hearing at least thirty (30) calendar days prior to the scheduled date.

## 28. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least five (5) business days in advance of the hearing. The requesting party or parties shall pay the cost of the record, except as otherwise required by law. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

When any hearing or other proceeding in the arbitration is conducted via Zoom or other video conference platform, all recording is prohibited unless otherwise stipulated to by all parties, counsel, and the Arbitrator. (See Penal Code Section 632.) If the parties wish to have a session recorded, they must stipulate to hire their own court reporter or other service to record the proceedings. The hiring and payment of the court reporter's fees is the responsibility of the requesting party unless otherwise provided by law.

## 29. Interpreter

If a party desires or requires the services of an interpreter for any hearing or other part of the process, that party must make arrangements directly with the interpreter and shall pay for the costs of the interpreter's service.

## 30. Postponement of Hearings

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

## 31.  Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, if a party fails or refuses to appear or participate in the arbitration, or in any portion of the arbitration, after having been given notice and opportunity to participate by: (a) failing to participate in arbitrator selection, or (b) failing to pay arbitration costs or fees, or (c) failing to respond to the arbitration demand, or (d) failing to appear at hearings, the arbitration may proceed and the arbitrator may render a final Award on the basis of the evidence presented by the participating party. The arbitrator may not grant relief or issue an Award based solely on the default or absence of the party. The party seeking relief bears the initial burden of establishing a right to such relief based upon a proper evidentiary showing. An award rendered under such circumstances is valid and enforceable as if all parties had participated fully.

# ARBITRATION RULES

## 32. Pre-Arbitration Hearing Exchange, Witness/Exhibit Lists and Briefs

A) <u>Exchange Pursuant to Demand</u>. Except as otherwise provided in the parties' agreement, and where the amount in controversy exceeds fifty thousand dollars ($50,000), either party shall within fifteen (15) calendar days of receipt of notice of the arbitration hearing date, but no later than seventy (70) calendar days before arbitration, have the right to demand in writing that the other party provide a list of witnesses, including designation of expert witnesses, it intends to call and a list of documents it intends to introduce at the hearing provided that the demanding party provides such lists at the time of its demand. (See Code of Civil Procedure Section 1282.2.) A copy of such demand and the demanding party's lists shall be served on the arbitrator. The responding party's lists shall be served on the demanding party and the arbitrator in accordance with Rule 14 above fifteen (15) calendar days following the receipt of the demand. Where privileged documents have been withheld, the withholding party shall provide a privilege log. The arbitrator may modify these obligations at the preliminary conference.

B) <u>Pre-Hearing Witness and Exhibit Lists</u>. Pursuant to any schedule adopted at the preliminary conference, the parties shall exchange a list of the witnesses they intend to call, including any experts, and a list all exhibits intended to be used at the Hearing and exchange copies of such exhibits to the extent that any such exhibit has not been previously exchanged. The parties should pre-mark exhibits and shall make a good faith effort to resolve any disputes regarding the admissibility of exhibits prior to the hearing. All documents should also be provided to ADR Services for transmission to the arbitrator, whether or not the parties have stipulated to the admissibility of all such documents.

C) <u>Arbitration Briefs</u>. The arbitrator may require that each party simultaneously submit an arbitration brief, including summaries of the facts and evidence a party intends to present, discussion of the applicable law and the basis for the requested Award or denial of relief sought. The briefs, which may be in the form of a letter, shall be filed with ADR Services and served upon the other Parties, at least five (5) calendar days before the hearing date unless agreed or otherwise specified by the arbitrator at the preliminary hearing or initial arbitration management conference.

## 33. Securing Witnesses and Documents for the Arbitration Hearing

The Arbitrator may issue subpoenas for the attendance of witnesses or the production of documents at the arbitration hearing pursuant to Code of Civil Procedure Section 1282.6. In the event a party or a subpoenaed person objects to the production of a witness or other evidence, that party or person may file an objection with the arbitrator, who will promptly rule on the objection, weighing both the burden on the producing party and the need of the proponent for the witness or other evidence.

## 34. The Arbitration Hearing

a. The arbitrator shall conduct the hearing in accordance with these rules. The arbitrator may vary these procedures if it is determined reasonable and appropriate to do so.

b. The arbitrator shall determine the order of proof. Normally, the claimant shall present evidence to support his/her/its claim. The respondent shall then present evidence to support his/her/its defense. Witnesses for each party shall also submit to questions from the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present his/her/its case.

*Updated October 7, 2024*

# ARBITRATION RULES

c. The arbitrator shall, at his or her discretion, exercise all powers relating to the conduct of the arbitration hearing which shall be conducted in a manner that will promote the efficient and expeditious resolution of the dispute. Such powers include, but are not limited to, determinations regarding the means or process by which the hearing is to be held, the order of proof, bifurcation of the proceedings, directing the parties to focus their presentations on issues the decision of which could dispose of all or part of the case, and the calling and examination of witnesses.

d. With the mutual agreement of the parties, or by binding order of the arbitrator, the arbitration hearing and presentation of evidence (including the testimony of witnesses) may proceed by an in-person appearance, telephonic conference, or through a remote appearance platform such as Zoom, or a hybrid of such methods.

e. Strict conformity to the rules of evidence is not required, except that the arbitrator shall apply applicable law relating to privileges and work product. The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

f. The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it is entitled to after consideration of any objection made to its admission.

g. The parties will not offer as evidence, and the arbitrator shall neither admit into the record nor consider, prior settlement offers by the parties or statements or recommendations made by a mediator or other person in connection with efforts to resolve the dispute being arbitrated, except to the extent that applicable law permits the admission of such evidence.

h. By mutual agreement only, the parties may agree to waive oral hearings in their entirety and proceed on document submission alone ("desk arbitration").

i. An arbitrator finding it necessary to make an inspection or investigation in connection with the issues presented in the arbitration shall direct ADR Services to so advise the parties. The arbitrator shall set the date and time for the inspection/investigation and ADR Services shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

j. The arbitrator may proceed with the hearing in the absence of a party who is bound to arbitrate, and who, after receiving a Notice of the Hearing, fails to attend. The arbitrator may not render an Award solely on the basis of the default or absence of the party, but shall require any party seeking relief to submit such evidence as the arbitrator may require for the rendering of an Award.

k. The arbitrator shall declare the hearing closed upon the determination that all relevant material evidence and briefing has been presented. The closing of the hearing may be delayed until such time as post-hearing briefs are submitted or closing arguments presented.

l. At any time before the Award is rendered, the arbitrator may re-open the hearing upon his or her own initiative or upon the application of a party for good cause. Any applicable time limits for rendering the Award will be extended accordingly.

**ADR**
SERVICES, INC.

# ARBITRATION RULES

## 35. The Award

a. The Award shall be made within a reasonable time by the arbitrator, or within the time agreed to by the parties, or specified by law. The arbitrator may choose to keep the hearings open to accept post hearing briefs, issue interim Awards, or for any other reason.

b. Where a panel of arbitrators has heard the dispute, the decision and Award of a majority of the panel shall constitute the arbitration Award and shall be binding on the parties.

c. The Arbitrator will render a written, reasoned Award enumerating the disposition of the relevant material claims and relief sought. The Award will be signed by the Arbitrator and served on the parties. Service will be made by certified mail.

d. The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract. In addition to a final Award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and Awards. In any interim, interlocutory, or partial Award, the arbitrator may, at his or her discretion, assess and apportion the filing and/or administrative fees paid to ADR Services, allowable costs incurred during the arbitration, including the arbitrator's fees. A request for costs shall be made by noticed motion of the requesting party, not exclusively by submission of a memorandum of costs, or as otherwise instructed by the arbitrator.

e. Within ten (10) calendar days after service of a signed copy of the Award, any party may serve upon the other parties and on ADR Services a request that the arbitrator correct any computational, typographical, or other error in an Award. The Arbitrator may also initiate the process to correct errors in the Award. A party opposing such correction shall have ten (10) calendar days in which to file any objection. The Arbitrator may also consider a reply to the objection or other briefing at his or her discretion. The arbitrator is not empowered to reconsider the merits of any claim already decided. Any corrected Award shall be served upon the parties in the same manner as the Award. The Award is considered final, for purposes of a judicial proceeding to enforce, modify or vacate the Award, twenty (20) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award.

f. If the parties settle their dispute during the course of the arbitration, the parties may submit a joint request for entry of a "Consent Award," to be drafted and agreed upon by counsel, memorializing the terms of the parties' settlement.

g. ADR Services shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of an Award in ADR Services' possession that may be required in judicial proceedings relating to the arbitration. This includes seeking to enforce an arbitration award in a foreign tribunal.

h. Parties to an arbitration under these rules shall be deemed to have consented to the right to seek confirmation and entry of judgment upon the Arbitration Award in any federal or state court having jurisdiction thereof.

## 36. Confidentiality and Privacy

The case management team, other essential ADR Services staff, and the arbitrator shall maintain the confidential nature of the arbitration proceeding and the Award unless otherwise required by law or judicial

*Updated October 7, 2024*

# ARBITRATION RULES

decision. The arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information. The arbitrator has the sole discretion to prevent certain non-parties to the arbitration from attending all or part of the hearings.

## 37. Waiver of Objections or Right to Arbitrate

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object. If any party becomes aware of information that could be the basis of a challenge for cause to the continued service of the arbitrator, such challenge must be made promptly, in writing, to ADR Services. Failure to do so shall constitute a waiver of any objection to continued service by the arbitrator.

No judicial proceeding commenced by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

## 38. Exclusion of Liability/Competence to Testify

Neither ADR Services nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these rules. Should any party seek to hold ADR Services and/or the arbitrator civilly liable for conduct integrally related to the arbitral process, ADR Services and/or the arbitrator shall have the right to recover the reasonable attorneys' fees and other costs and expenses (including expert witness fees) incurred in defending against such action, including any appeal, in such amount as may be determined.

The parties may not call the arbitrator, the case manager or any other ADR Services employee or agent as a witness or as an expert in any pending or subsequent litigation or other proceeding involving the parties and relating to the dispute that is the subject of the arbitration. The arbitrator, case manager and other ADR Services employees and agents are also incompetent to testify as witnesses or experts in any such proceeding. (Evidence Code Section 703.5) The parties shall defend and/or pay the costs (including any attorneys' fees incurred) of defending the arbitrator, case manager and/or ADR Services from any subpoenas from outside parties arising from the arbitration.

## 39. Sanctions

The arbitrator may order appropriate sanctions for failure of a party to comply with his/her/its obligations under any of these rules. These sanctions may include, but are not limited to, the assessment of costs, exclusion of some or all evidence, ruling adversely on an issue submitted to arbitration against the party who has failed to comply or, in extreme cases, dismissing any or all claims or defenses asserted by the party who has willfully failed to comply.

## 40. Filing and Administrative Fees

ADR Services has a nonrefundable initial filing fee and/or administrative fee. Such fees shall be paid in accordance with ADR Services' Fee Schedules (https://www.adrservices.com/rate-fee-schedule/).

## 41. Other Expenses Incurred by the Parties

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, and the expense

# ARBITRATION RULES

incurred for any witness, record, transcript, or document produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator, at his or her discretion, assesses such expenses or any part thereof against any specified party or parties as an allowable cost in the Award.

## 42. Neutral Arbitrator's Compensation

Arbitrators are compensated for all time spent working on the arbitration including, but not limited to, preparation and study, conducting the hearing, and deliberation and drafting of the Award. Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation. Any arrangement for the compensation of a neutral arbitrator shall be made through ADR Services and not directly between the parties and the arbitrator.

In the event of a protracted continuing arbitration, during which time the arbitrator has increased his or her stated rate of compensation in accordance with standard practice and procedure, the parties shall be given thirty (30) calendar days' notice and shall compensate the arbitrator at the increased rate, unless otherwise agreed upon by the arbitrator.

## 43. Payment of Arbitrator's Fees

Counsel will be held responsible for payment of all charges associated with the arbitrator's services in this matter. Counsel for each party, subject to apportionment by the arbitrator as set forth below, shall pay a pro rata share of the arbitrator's fees and expenses unless the parties' agreement or other applicable law requires a different allocation. The parties shall agree on the applicable fee split at the outset of the matter and, if unable to do so, initial fees will be assessed on a pro rata basis subject to reassessment by the arbitrator.

For purposes of apportioning fees, party entities whose interests are not adverse with respect to the issues in dispute may be treated as a single party. Where disputed, the arbitrator shall determine whether the interests between entities are adverse for purpose of apportioning the fees, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the arbitration.

Although ADR Services will make an estimate of the time necessary to be billed in the first statement, additional time may be billed as used. Payment accounts of the parties must be kept current, and ADR Services reserves the right to hold the Award until all fees due and owing have been paid.

ADR Services requires that counsel deposit the arbitrator's fees and any expenses for the arbitration at least sixty (60) calendar days in advance of the first evidentiary hearing. If arbitrator compensation has not been paid in full in advance, ADR Services may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If a party has failed to deposit its pro-rata or agreed-upon share of the arbitrator's fees and expenses, that party cannot be excluded from the arbitration hearing, but will be precluded from offering evidence in support of any affirmative relief, claim or defense at the hearing.

The arbitrator may, in his or her discretion, assess such fees and expenses or any part thereof against any party in the Award. In the event that one party has not paid or appeared and the other party has paid the full amount of the fees, the arbitrator may, upon request, award the defaulting party's share of the fee

# ARBITRATION RULES

obligation against it and in favor of the party that has paid. In addition, the arbitrator may award against any party any fees and/or expenses that the party owes with respect to the arbitration.

## 44. Declining or Discontinuing Arbitration

ADR Services may, in its sole discretion, decline a request to commence an arbitration filed with any of our offices.

ADR Services also reserves the right to discontinue the administration of an ongoing arbitration when a party or attorney engages in improper or unacceptable conduct. Such conduct includes, but is not limited to, the use of abusive language, threats or harassment towards any ADR Services staff, the arbitrator, or another party or that party's representative, or where a party or attorney makes it unreasonably difficult for ADR Services to administer the arbitration effectively.

# EXHIBIT C



# Commercial

## Arbitration Rules and Mediation Procedures

**Including Procedures for Large, Complex Commercial Disputes**



AMERICAN ARBITRATION ASSOCIATION®

Available online at **adr.org/commercial**

Rules Amended and Effective October 1, 2013

## Regional Vice Presidents

**States: Delaware, District of Columbia, Maryland, New Jersey, Pennsylvania, Virginia**
P. Jean Baker, Esq.
Vice President
Phone: 202.223.7093
Email: BakerJ@adr.org

**States: Oklahoma, Texas**
Andrew Barton
Vice President
Phone: 210.998.5750
Email: BartonA@adr.org

**States: Alabama, Georgia**
John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org

**States: Arkansas, Illinois, Iowa, Michigan, Minnesota, Missouri, North Dakota, South Dakota, Wisconsin**
Svetlana Gitman, Esq.
Vice President
Phone: 773.820.7801
Email: GitmanS@adr.org

**States: Alaska, California, Oregon, Washington**
Aaron Gothelf, Esq.
Vice President
Phone: 415.671.4053
Email: GothelfA@adr.org

**States: City of Houston, Louisiana, Mississippi**
Ingeuneal C. Gray, Esq.
Vice President
Phone: 832.308.7893
Email: GrayI@adr.org

**States: Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont**
Karen Jalkut
Vice President
Phone: 617.695.6062
Email: JalkutK@adr.org

**States: Indiana, Kentucky, North Carolina, Ohio, South Carolina, Tennessee, West Virginia**
Michelle M. Skipper
Vice President
Phone: 704.643.8605
Email: SkipperM@adr.org

**States: Florida**
Rebecca Storrow, Ph.D.
Vice President
Phone: 954.372.4341
Email: StorrowR@adr.org

**States: Arizona, Colorado, Kansas, Hawaii, Idaho, Montana, Nebraska, Nevada, New Mexico, Utah, Wyoming**
Lance K. Tanaka
Vice President
Phone: 303.831.0824
Email: TanakaL@adr.org

**States: New York**
Jeffrey T. Zaino, Esq.
Vice President
Phone: 212.484.3224
Email: ZainoJ@adr.org

## Case Management

John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org
**Administers cases in: AL, DC, FL, GA, IN, KY, MD, NC, OH, SC, TN, VA**

Sandra Marshall
Vice President
Phone: 559.490.1906
Email: MarshallS@adr.org
**Administers cases in: AK, AZ, CA, CO, HI, ID, MT, NV, NM, OR, UT, WA, WY**

Rod Toben
Vice President
Phone: 972.774.6923
Email: TobenR@adr.org
**Administers Cases in: AR, IL, IA, KS, LA, MN, MS, MO, NE, ND, OK, SD, TX, WI**

Yvonne Baglini
Assistant Vice President
Phone: 866.293.4053
Email: BagliniY@adr.org
**Administers cases in: CT, DE, MA, ME, MI, NH, NJ, NY, PA, RI, VT, WV**

# Table of Contents

Important Notice ................................................................ 7

Introduction................................................................... 7

Standard Arbitration Clause.................................................... 8

Administrative Fees ........................................................... 8

Mediation ..................................................................... 8

Large, Complex Cases........................................................... 9

Commercial Arbitration Rules.................................................. 10

    R-1. Agreement of Parties*.................................................. 10

    R-2. AAA and Delegation of Duties .......................................... 11

    R-3. National Roster of Arbitrators......................................... 11

    R-4. Filing Requirements ................................................... 11

    R-5. Answers and Counterclaims ............................................. 12

    R-6. Changes of Claim ...................................................... 13

    R-7. Jurisdiction .......................................................... 13

    R-8. Interpretation and Application of Rules................................ 14

    R-9. Mediation ............................................................. 14

    R-10. Administrative Conference ............................................ 14

    R-11. Fixing of Locale..................................................... 14

    R-12. Appointment from National Roster..................................... 15

    R-13. Direct Appointment by a Party........................................ 16

    R-14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties ........ 16

    R-15. Nationality of Arbitrator ............................................ 17

    R-16. Number of Arbitrators................................................. 17

    R-17. Disclosure ........................................................... 17

    R-18. Disqualification of Arbitrator....................................... 18

    R-19. Communication with Arbitrator ........................................ 18

    R-20. Vacancies............................................................. 19

    R-21. Preliminary Hearing .................................................. 19

    R-22. Pre-Hearing Exchange and Production of Information.................... 19

    R-23. Enforcement Powers of the Arbitrator ................................. 20

    R-24. Date, Time, and Place of Hearing ..................................... 20

    R-25. Attendance at Hearings ............................................... 21

R-26. Representation ............................................................ 21

R-27. Oaths ........................................................................ 21

R-28. Stenographic Record...................................................... 21

R-29. Interpreters................................................................. 22

R-30. Postponements............................................................ 22

R-31. Arbitration in the Absence of a Party or Representative ............ 22

R-32. Conduct of Proceedings................................................... 22

R-33. Dispositive Motions ....................................................... 23

R-34. Evidence .................................................................... 23

R-35. Evidence by Written Statements and Post-Hearing Filing of Documents or Other Evidence........................................................... 23

R-36. Inspection or Investigation .............................................. 24

R-37. Interim Measures .......................................................... 24

R-38. Emergency Measures of Protection ..................................... 24

R-39. Closing of Hearing ........................................................ 25

R-40. Reopening of Hearing..................................................... 26

R-41. Waiver of Rules ............................................................ 26

R-42. Extensions of Time......................................................... 26

R-43. Serving of Notice and Communications ................................ 26

R-44. Majority Decision .......................................................... 27

R-45. Time of Award.............................................................. 27

R-46. Form of Award.............................................................. 27

R-47. Scope of Award............................................................. 28

R-48. Award Upon Settlement—Consent Award ............................. 28

R-49. Delivery of Award to Parties ............................................. 28

R-50. Modification of Award..................................................... 28

R-51. Release of Documents for Judicial Proceedings........................ 29

R-52. Applications to Court and Exclusion of Liability ...................... 29

R-53. Administrative Fees ........................................................ 29

R-54. Expenses .................................................................... 29

R-55. Neutral Arbitrator's Compensation...................................... 30

R-56. Deposits .................................................................... 30

R-57. Remedies for Nonpayment ............................................... 30

R-58. Sanctions.................................................................... 31

Preliminary Hearing Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

    P-1. General . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

    P-2. Checklist . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Expedited Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

    E-1. Limitation on Extensions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

    E-2. Changes of Claim or Counterclaim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

    E-3. Serving of Notices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

    E-4. Appointment and Qualifications of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . 34

    E-5. Exchange of Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

    E-6. Proceedings on Documents and Procedures for the Resolution of Disputes Through Document Submission . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

    E-7. Date, Time, and Place of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

    E-8. The Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

    E-9. Time of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

    E-10. Arbitrator's Compensation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Procedures for Large, Complex Commercial Disputes . . . . . . . . . . . . . . . . . . . . . . . . . 37

    L-1. Administrative Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

    L-2. Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

    L-3. Management of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Administrative Fee Schedules (Standard and Flexible Fees) . . . . . . . . . . . . . . . . . . . . . 38

Commercial Mediation Procedures. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

    M-1. Agreement of Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

    M-2. Initiation of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

    M-3. Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

    M-4. Appointment of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

    M-5. Mediator's Impartiality and Duty to Disclose . . . . . . . . . . . . . . . . . . . . . . . . . . 40

    M-6. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

    M-7. Duties and Responsibilities of the Mediator . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

    M-8. Responsibilities of the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

    M-9. Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

    M-10. Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

    M-11. No Stenographic Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

    M-12. Termination of Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

M-13. Exclusion of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  43

M-14. Interpretation and Application of Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  43

M-15. Deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  43

M-16. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  44

M-17. Cost of the Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  44



# Commercial Arbitration Rules and Mediation Procedures

(Including Procedures for Large, Complex Commercial Disputes)

## Important Notice

These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA®. To ensure that you have the most current information, see our web site at **www.adr.org.**

## Introduction

Each year, many millions of business transactions take place. Occasionally, disagreements develop over these business transactions. Many of these disputes are resolved by arbitration, the voluntary submission of a dispute to an impartial person or persons for final and binding determination. Arbitration has proven to be an effective way to resolve these disputes privately, promptly, and economically.

The American Arbitration Association® (AAA), a not-for-profit, public service organization, offers a broad range of dispute resolution services to business executives, attorneys, individuals, trade associations, unions, management, consumers, families, communities, and all levels of government. Services are available through AAA headquarters in New York and through offices located in major cities throughout the United States. Hearings may be held at locations convenient for the parties and are not limited to cities with AAA offices. In addition, the AAA serves as a center for education and training, issues specialized publications, and conducts research on various forms of alternative dispute resolution.

## Standard Arbitration Clause

The parties can provide for arbitration of future disputes by inserting the following clause into their contracts:

> *Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.*

Arbitration of existing disputes may be accomplished by use of the following:

> *We, the undersigned parties, hereby agree to submit to arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules the following Controversy: (describe briefly). We further agree that the above controversy be submitted to (one) (three) arbitrator(s). We further agree that we will faithfully observe this agreement and the rules, that we will abide by and perform any award rendered by the arbitrator(s), and that a judgment of any court having jurisdiction may be entered on the award.*

The services of the AAA are generally concluded with the transmittal of the award. Although there is voluntary compliance with the majority of awards, judgment on the award can be entered in a court having appropriate jurisdiction if necessary.

## Administrative Fees

The AAA charges a filing fee based on the amount of the claim or counterclaim. This fee information, which is included with these rules, allows the parties to exercise control over their administrative fees. The fees cover AAA administrative services; they do not cover arbitrator compensation or expenses, if any, reporting services, or any post-award charges incurred by the parties in enforcing the award.

## Mediation

Subject to the right of any party to opt out, in cases where a claim or counterclaim exceeds $75,000, the rules provide that the parties shall mediate their dispute upon the administration of the arbitration or at any time when the

arbitration is pending. In mediation, the neutral mediator assists the parties in reaching a settlement but does not have the authority to make a binding decision or award. Mediation is administered by the AAA in accordance with its Commercial Mediation Procedures. There is no additional filing fee where parties to a pending arbitration attempt to mediate their dispute under the AAA's auspices.

Although these rules include a mediation procedure that will apply to many cases, parties may still want to incorporate mediation into their contractual dispute settlement process. Parties can do so by inserting the following mediation clause into their contract in conjunction with a standard arbitration provision:

> *If a dispute arises out of or relates to this contract, or the breach thereof, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration, litigation, or some other dispute resolution procedure.*

If the parties want to use a mediator to resolve an existing dispute, they can enter into the following submission agreement:

> *The parties hereby submit the following dispute to mediation administered by the American Arbitration Association under its Commercial Mediation Procedures. (The clause may also provide for the qualifications of the mediator(s), method of payment, locale of meetings, and any other item of concern to the parties.)*

## Large, Complex Cases

Unless the parties agree otherwise, the procedures for Large, Complex Commercial Disputes, which appear in this pamphlet, will be applied to all cases administered by the AAA under the Commercial Arbitration Rules in which the disclosed claim or counterclaim of any party is at least $500,000 exclusive of claimed interest, arbitration fees and costs. The key features of these procedures include:

> A highly qualified, trained Roster of Neutrals;

> A mandatory preliminary hearing with the arbitrators, which may be conducted by teleconference;

> Broad arbitrator authority to order and control the exchange of information, including depositions;

> A presumption that hearings will proceed on a consecutive or block basis.

# Commercial Arbitration Rules

## R-1. Agreement of Parties*

**(a)** The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These rules and any amendment of them shall apply in the form in effect at the time the administrative requirements are met for a Demand for Arbitration or Submission Agreement received by the AAA. Any disputes regarding which AAA rules shall apply shall be decided by the AAA. The parties, by written agreement, may vary the procedures set forth in these rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator.

**(b)** Unless the parties or the AAA determines otherwise, the Expedited Procedures shall apply in any case in which no disclosed claim or counterclaim exceeds $75,000, exclusive of interest, attorneys' fees, and arbitration fees and costs.

Parties may also agree to use these procedures in larger cases. Unless the parties agree otherwise, these procedures will not apply in cases involving more than two parties. The Expedited Procedures shall be applied as described in Sections E-1 through E-10 of these rules, in addition to any other portion of these rules that is not in conflict with the Expedited Procedures.

**(c)** Unless the parties agree otherwise, the Procedures for Large, Complex Commercial Disputes shall apply to all cases in which the disclosed claim or counterclaim of any party is at least $500,000 or more, exclusive of claimed interest, attorneys' fees, arbitration fees and costs. Parties may also agree to use the procedures in cases involving claims or counterclaims under $500,000, or in nonmonetary cases. The Procedures for Large, Complex Commercial Disputes shall be applied as described in Sections L-1 through L-3 of these rules, in addition to any other portion of these rules that is not in conflict with the Procedures for Large, Complex Commercial Disputes.

**(d)** Parties may, by agreement, apply the Expedited Procedures, the Procedures for Large, Complex Commercial Disputes, or the Procedures for the Resolution of Disputes through Document Submission (Rule E-6) to any dispute.

**(e)** All other cases shall be administered in accordance with Sections R-1 through R-58 of these rules.

*\* Beginning October 1, 2017, AAA will apply the Employment Fee Schedule to any dispute between an individual employee or an independent contractor (working or performing as an individual and not incorporated) and a business or organization and the dispute involves work or work-related claims, including any statutory claims and including work-related claims under independent contractor agreements. A dispute arising out of an employment plan will be administered under the AAA's Employment Arbitration Rules and Mediation Procedures. A dispute arising out of a consumer arbitration agreement will be administered under the AAA's Consumer Arbitration Rules.*

*\* Beginning June 1, 2021, AAA will apply the Consumer Arbitration Fee Schedule to any dispute between an online marketplace or platform and an individual user or subscriber (using or subscribed to the service as an individual and not incorporated) and the dispute does not involve work or work-related claims.*

## R-2. AAA and Delegation of Duties

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices. Arbitrations administered under these rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

## R-3. National Roster of Arbitrators

The AAA shall establish and maintain a National Roster of Arbitrators ("National Roster") and shall appoint arbitrators as provided in these rules. The term "arbitrator" in these rules refers to the arbitration panel, constituted for a particular case, whether composed of one or more arbitrators, or to an individual arbitrator, as the context requires.

## R-4. Filing Requirements

**(a)** Arbitration under an arbitration provision in a contract shall be initiated by the initiating party ("claimant") filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement from the parties' contract which provides for arbitration.

**(b)** Arbitration pursuant to a court order shall be initiated by the initiating party filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of any applicable arbitration agreement from the parties' contract which provides for arbitration.

    **i.** The filing party shall include a copy of the court order.

    **ii.** The filing fee must be paid before a matter is considered properly filed. If the court order directs that a specific party is responsible for the filing fee, it is the responsibility of the filing party to either make such payment to the AAA and seek reimbursement as directed in the court order or to make other such arrangements so that the filing fee is submitted to the AAA with the Demand.

    **iii.** The party filing the Demand with the AAA is the claimant and the opposing party is the respondent regardless of which party initiated the court action. Parties may request that the arbitrator alter the order of proceedings if necessary pursuant to R-32.

**(c)** It is the responsibility of the filing party to ensure that any conditions precedent to the filing of a case are met prior to filing for an arbitration, as well as any time requirements associated with the filing. Any dispute regarding whether a condition precedent has been met may be raised to the arbitrator for determination.

**(d)** Parties to any existing dispute who have not previously agreed to use these rules may commence an arbitration under these rules by filing a written submission agreement and the administrative filing fee. To the extent that the parties' submission agreement contains any variances from these rules, such variances should be clearly stated in the Submission Agreement.

**(e)** Information to be included with any arbitration filing includes:

  **i.** the name of each party;

  **ii.** the address for each party, including telephone and fax numbers and e-mail addresses;

  **iii.** if applicable, the names, addresses, telephone and fax numbers, and e-mail addresses of any known representative for each party;

  **iv.** a statement setting forth the nature of the claim including the relief sought and the amount involved; and

  **v.** the locale requested if the arbitration agreement does not specify one.

**(f)** The initiating party may file or submit a dispute to the AAA in the following manner:

  **i.** through AAA WebFile, located at **www.adr.org;** or

  **ii.** by filing the complete Demand or Submission with any AAA office, regardless of the intended locale of hearing.

**(g)** The filing party shall simultaneously provide a copy of the Demand and any supporting documents to the opposing party.

**(h)** The AAA shall provide notice to the parties (or their representatives if so named) of the receipt of a Demand or Submission when the administrative filing requirements have been satisfied. The date on which the filing requirements are satisfied shall establish the date of filing the dispute for administration. However, all disputes in connection with the AAA's determination of the date of filing may be decided by the arbitrator.

**(i)** If the filing does not satisfy the filing requirements set forth above, the AAA shall acknowledge to all named parties receipt of the incomplete filing and inform the parties of the filing deficiencies. If the deficiencies are not cured by the date specified by the AAA, the filing may be returned to the initiating party.

## R-5. Answers and Counterclaims

**(a)** A respondent may file an answering statement with the AAA within 14 calendar days after notice of the filing of the Demand is sent by the AAA. The respondent shall, at the time of any such filing, send a copy of any answering statement to the claimant and to all other parties to the arbitration. If no answering statement is filed within the stated time, the respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.

**(b)** A respondent may file a counterclaim at any time after notice of the filing of the Demand is sent by the AAA, subject to the limitations set forth in Rule R-6. The respondent shall send a copy of the counterclaim to the claimant and all other parties to the arbitration. If a counterclaim is asserted, it shall include a statement setting forth the nature of the counterclaim including the relief sought and the amount involved. The filing fee as specified in the applicable AAA Fee Schedule must be paid at the time of the filing of any counterclaim.

**(c)** If the respondent alleges that a different arbitration provision is controlling, the matter will be administered in accordance with the arbitration provision submitted by the initiating party subject to a final determination by the arbitrator.

**(d)** If the counterclaim does not meet the requirements for filing a claim and the deficiency is not cured by the date specified by the AAA, it may be returned to the filing party.

## R-6. Changes of Claim

**(a)** A party may at any time prior to the close of the hearing or by the date established by the arbitrator increase or decrease the amount of its claim or counterclaim. Written notice of the change of claim amount must be provided to the AAA and all parties. If the change of claim amount results in an increase in administrative fee, the balance of the fee is due before the change of claim amount may be accepted by the arbitrator.

**(b)** Any new or different claim or counterclaim, as opposed to an increase or decrease in the amount of a pending claim or counterclaim, shall be made in writing and filed with the AAA, and a copy shall be provided to the other party, who shall have a period of 14 calendar days from the date of such transmittal within which to file an answer to the proposed change of claim or counterclaim with the AAA. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

## R-7. Jurisdiction

**(a)** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

**(b)** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**(c)** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## R-8. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other rules shall be interpreted and applied by the AAA.

## R-9. Mediation

In all cases where a claim or counterclaim exceeds $75,000, upon the AAA's administration of the arbitration or at any time while the arbitration is pending, the parties shall mediate their dispute pursuant to the applicable provisions of the AAA's Commercial Mediation Procedures, or as otherwise agreed by the parties. Absent an agreement of the parties to the contrary, the mediation shall take place concurrently with the arbitration and shall not serve to delay the arbitration proceedings. However, any party to an arbitration may unilaterally opt out of this rule upon notification to the AAA and the other parties to the arbitration. The parties shall confirm the completion of any mediation or any decision to opt out of this rule to the AAA. Unless agreed to by all parties and the mediator, the mediator shall not be appointed as an arbitrator to the case.

## R-10. Administrative Conference

At the request of any party or upon the AAA's own initiative, the AAA may conduct an administrative conference, in person or by telephone, with the parties and/or their representatives. The conference may address such issues as arbitrator selection, mediation of the dispute, potential exchange of information, a timetable for hearings, and any other administrative matters.

## R-11. Fixing of Locale

The parties may mutually agree on the locale where the arbitration is to be held. Any disputes regarding the locale that are to be decided by the AAA must be submitted to the AAA and all other parties within 14 calendar days from the date of the AAA's initiation of the case or the date established by the AAA. Disputes regarding locale shall be determined in the following manner:

**(a)** When the parties' arbitration agreement is silent with respect to locale, and if the parties disagree as to the locale, the AAA may initially determine the place of

arbitration, subject to the power of the arbitrator after appointment, to make a final determination on the locale.

**(b)** When the parties' arbitration agreement requires a specific locale, absent the parties' agreement to change it, or a determination by the arbitrator upon appointment that applicable law requires a different locale, the locale shall be that specified in the arbitration agreement.

**(c)** If the reference to a locale in the arbitration agreement is ambiguous, and the parties are unable to agree to a specific locale, the AAA shall determine the locale, subject to the power of the arbitrator to finally determine the locale.

The arbitrator, at the arbitrator's sole discretion, shall have the authority to conduct special hearings for document production purposes or otherwise at other locations if reasonably necessary and beneficial to the process.

## R-12. Appointment from National Roster

If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

**(a)** The AAA shall send simultaneously to each party to the dispute an identical list of 10 (unless the AAA decides that a different number is appropriate) names of persons chosen from the National Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

**(b)** If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 14 calendar days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. The parties are not required to exchange selection lists. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable to that party. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the National Roster without the submission of additional lists.

**(c)** Unless the parties agree otherwise, when there are two or more claimants or two or more respondents, the AAA may appoint all the arbitrators.

## R-13. Direct Appointment by a Party

**(a)** If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed. The notice of appointment, with the name and address of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

**(b)** Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-18 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-18(b) that the party-appointed arbitrators are to be non-neutral and need not meet those standards.

**(c)** If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

**(d)** If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 14 calendar days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

## R-14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

**(a)** If, pursuant to Section R-13, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.

**(b)** If no period of time is specified for appointment of the chairperson, and the party-appointed arbitrators or the parties do not make the appointment within 14 calendar days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

**(c)** If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-12, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

## R-15. Nationality of Arbitrator

Where the parties are nationals of different countries, the AAA, at the request of any party or on its own initiative, may appoint as arbitrator a national of a country other than that of any of the parties. The request must be made before the time set for the appointment of the arbitrator as agreed by the parties or set by these rules.

## R-16. Number of Arbitrators

**(a)** If the arbitration agreement does not specify the number of arbitrators, the dispute shall be heard and determined by one arbitrator, unless the AAA, in its discretion, directs that three arbitrators be appointed. A party may request three arbitrators in the Demand or Answer, which request the AAA will consider in exercising its discretion regarding the number of arbitrators appointed to the dispute.

**(b)** Any request for a change in the number of arbitrators as a result of an increase or decrease in the amount of a claim or a new or different claim must be made to the AAA and other parties to the arbitration no later than seven calendar days after receipt of the R-6 required notice of change of claim amount. If the parties are unable to agree with respect to the request for a change in the number of arbitrators, the AAA shall make that determination.

## R-17. Disclosure

**(a)** Any person appointed or to be appointed as an arbitrator, as well as the parties and their representatives, shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration. Failure on the part of a party or a representative to comply with the requirements of this rule may result in the waiver of the right to object to an arbitrator in accordance with Rule R-41.

**(b)** Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

**(c)** Disclosure of information pursuant to this Section R-17 is not an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

### R-18. Disqualification of Arbitrator

**(a)** Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for:

   **i.** partiality or lack of independence,

   **ii.** inability or refusal to perform his or her duties with diligence and in good faith, and

   **iii.** any grounds for disqualification provided by applicable law.

**(b)** The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-13 shall be non-neutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

**(c)** Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

### R-19. Communication with Arbitrator

**(a)** No party and no one acting on behalf of any party shall communicate *ex parte* with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate *ex parte* with a candidate for direct appointment pursuant to R-13 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

**(b)** Section R-19(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-18(b), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Section R-18(b), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-19(a) should nonetheless apply prospectively.

**(c)** In the course of administering an arbitration, the AAA may initiate communications with each party or anyone acting on behalf of the parties either jointly or individually.

**(d)** As set forth in R-43, unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## R-20. Vacancies

(a) If for any reason an arbitrator is unable or unwilling to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with the applicable provisions of these rules.

(b) In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

(c) In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

## R-21. Preliminary Hearing

(a) At the discretion of the arbitrator, and depending on the size and complexity of the arbitration, a preliminary hearing should be scheduled as soon as practicable after the arbitrator has been appointed. The parties should be invited to attend the preliminary hearing along with their representatives. The preliminary hearing may be conducted in person or by telephone.

(b) At the preliminary hearing, the parties and the arbitrator should be prepared to discuss and establish a procedure for the conduct of the arbitration that is appropriate to achieve a fair, efficient, and economical resolution of the dispute. Sections P-1 and P-2 of these rules address the issues to be considered at the preliminary hearing.

## R-22. Pre-Hearing Exchange and Production of Information

(a) *Authority of arbitrator.* The arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses.

(b) *Documents.* The arbitrator may, on application of a party or on the arbitrator's own initiative:

   i. require the parties to exchange documents in their possession or custody on which they intend to rely;

   ii. require the parties to update their exchanges of the documents on which they intend to rely as such documents become known to them;

   iii. require the parties, in response to reasonable document requests, to make available to the other party documents, in the responding party's possession or custody, not otherwise readily available to the party seeking the documents, reasonably believed by the party seeking the documents to exist and to be relevant and material to the outcome of disputed issues; and

iv. require the parties, when documents to be exchanged or produced are maintained in electronic form, to make such documents available in the form most convenient and economical for the party in possession of such documents, unless the arbitrator determines that there is good cause for requiring the documents to be produced in a different form. The parties should attempt to agree in advance upon, and the arbitrator may determine, reasonable search parameters to balance the need for production of electronically stored documents relevant and material to the outcome of disputed issues against the cost of locating and producing them.

## R-23. Enforcement Powers of the Arbitrator

The arbitrator shall have the authority to issue any orders necessary to enforce the provisions of rules R-21 and R-22 and to otherwise achieve a fair, efficient and economical resolution of the case, including, without limitation:

**(a)** conditioning any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing, on appropriate orders to preserve such confidentiality;

**(b)** imposing reasonable search parameters for electronic and other documents if the parties are unable to agree;

**(c)** allocating costs of producing documentation, including electronically stored documentation;

**(d)** in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance; and

**(e)** issuing any other enforcement orders which the arbitrator is empowered to issue under applicable law.

## R-24. Date, Time, and Place of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 calendar days in advance of the hearing date, unless otherwise agreed by the parties.

### R-25. Attendance at Hearings

The arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides to the contrary. Any person having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person.

### R-26. Representation

Any party may participate without representation (pro se), or by counsel or any other representative of the party's choosing, unless such choice is prohibited by applicable law. A party intending to be so represented shall notify the other party and the AAA of the name, telephone number and address, and email address if available, of the representative at least seven calendar days prior to the date set for the hearing at which that person is first to appear. When such a representative initiates an arbitration or responds for a party, notice is deemed to have been given.

### R-27. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

### R-28. Stenographic Record

(a) Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three calendar days in advance of the hearing. The requesting party or parties shall pay the cost of the record.

(b) No other means of recording the proceedings will be permitted absent the agreement of the parties or per the direction of the arbitrator.

(c) If the transcript or any other recording is agreed by the parties or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

(d) The arbitrator may resolve any disputes with regard to apportionment of the costs of the stenographic record or other recording.

### R-29. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

### R-30. Postponements

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

### R-31. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

### R-32. Conduct of Proceedings

**(a)** The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

**(b)** The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

**(c)** When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including video conferencing, internet communication, telephonic conferences and means other than an in-person presentation. Such alternative means must afford a full opportunity for all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and, when involving witnesses, provide an opportunity for cross-examination.

**(d)** The parties may agree to waive oral hearings in any case and may also agree to utilize the Procedures for Resolution of Disputes Through Document Submission, found in Rule E-6.

## R-33. Dispositive Motions

The arbitrator may allow the filing of and make rulings upon a dispositive motion only if the arbitrator determines that the moving party has shown that the motion is likely to succeed and dispose of or narrow the issues in the case.

## R-34. Evidence

**(a)** The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent, in default, or has waived the right to be present.

**(b)** The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

**(c)** The arbitrator shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

**(d)** An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

## R-35. Evidence by Written Statements and Post-Hearing Filing of Documents or Other Evidence

**(a)** At a date agreed upon by the parties or ordered by the arbitrator, the parties shall give written notice for any witness or expert witness who has provided a written witness statement to appear in person at the arbitration hearing for examination. If such notice is given, and the witness fails to appear, the arbitrator may disregard the written witness statement and/or expert report of the witness or make such other order as the arbitrator may consider to be just and reasonable.

**(b)** If a witness whose testimony is represented by a party to be essential is unable or unwilling to testify at the hearing, either in person or through electronic or other means, either party may request that the arbitrator order the witness to appear in person for examination before the arbitrator at a time and location where the witness is willing and able to appear voluntarily or can legally be compelled to do so. Any such order may be conditioned upon payment by the requesting party of all reasonable costs associated with such examination.

**(c)** If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded an opportunity to examine and respond to such documents or other evidence.

### R-36. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time and the AAA shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

### R-37. Interim Measures

**(a)** The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

**(b)** Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

**(c)** A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

### R-38. Emergency Measures of Protection

**(a)** Unless the parties agree otherwise, the provisions of this rule shall apply to arbitrations conducted under arbitration clauses or agreements entered on or after October 1, 2013.

**(b)** A party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile or e-mail or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

**(c)** Within one business day of receipt of notice as provided in section (b), the AAA shall appoint a single emergency arbitrator designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstance likely, on the basis of the facts disclosed on the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

**(d)** The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such a schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone or video conference or on written submissions as alternatives to a formal hearing. The emergency arbitrator shall have the authority vested in the tribunal under Rule 7, including the authority to rule on her/his own jurisdiction, and shall resolve any disputes over the applicability of this Rule 38.

**(e)** If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage shall result in the absence of emergency relief, and that such party is entitled to such relief, the emergency arbitrator may enter an interim order or award granting the relief and stating the reason therefore.

**(f)** Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no further power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

**(g)** Any interim award of emergency relief may be conditioned on provision by the party seeking such relief for appropriate security.

**(h)** A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with this rule, the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in this rule and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

**(i)** The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subject to the power of the tribunal to determine finally the apportionment of such costs.

## R-39. Closing of Hearing

**(a)** The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

**(b)** If documents or responses are to be filed as provided in Rule R-35, or if briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If no documents, responses, or briefs are to be filed, the arbitrator shall declare the hearings closed as of the date of the last hearing (including telephonic hearings). If the case was heard without any oral hearings, the arbitrator shall close the hearings upon the due date established for receipt of the final submission.

**(c)** The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing. The AAA may extend the time limit for rendering of the award only in unusual and extreme circumstances.

## R-40. Reopening of Hearing

The hearing may be reopened on the arbitrator's initiative, or by the direction of the arbitrator upon application of a party, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed to by the parties in the arbitration agreement, the matter may not be reopened unless the parties agree to an extension of time. When no specific date is fixed by agreement of the parties , the arbitrator shall have 30 calendar days from the closing of the reopened hearing within which to make an award (14 calendar days if the case is governed by the Expedited Procedures).

## R-41. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.

## R-42. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these rules, except the time for making the award. The AAA shall notify the parties of any extension.

## R-43. Serving of Notice and Communications

**(a)** Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

**(b)** The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), or electronic (e-mail) to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by e-mail or other methods of communication.

**(c)** Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

**(d)** Unless otherwise instructed by the AAA or by the arbitrator, all written communications made by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

**(e)** Failure to provide the other party with copies of communications made to the AAA or to the arbitrator may prevent the AAA or the arbitrator from acting on any requests or objections contained therein.

**(f)** The AAA may direct that any oral or written communications that are sent by a party or their representative shall be sent in a particular manner. The failure of a party or their representative to do so may result in the AAA's refusal to consider the issue raised in the communication.

## R-44. Majority Decision

**(a)** When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement or section (b) of this rule, a majority of the arbitrators must make all decisions.

**(b)** Where there is a panel of three arbitrators, absent an objection of a party or another member of the panel, the chairperson of the panel is authorized to resolve any disputes related to the exchange of information or procedural matters without the need to consult the full panel.

## R-45. Time of Award

The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 calendar days from the date of closing the hearing, or, if oral hearings have been waived, from the due date set for receipt of the parties' final statements and proofs.

## R-46. Form of Award

**(a)** Any award shall be in writing and signed by a majority of the arbitrators. It shall be executed in the form and manner required by law.

**(b)** The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate.

## R-47. Scope of Award

**(a)** The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.

**(b)** In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate.

**(c)** In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-53, R-54, and R-55. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.

**(d)** The award of the arbitrator(s) may include:

   **i.** interest at such rate and from such date as the arbitrator(s) may deem appropriate; and

   **ii.** an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

## R-48. Award Upon Settlement—Consent Award

**(a)** If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent award." A consent award must include an allocation of arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses.

**(b)** The consent award shall not be released to the parties until all administrative fees and all arbitrator compensation have been paid in full.

## R-49. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at their last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

## R-50. Modification of Award

Within 20 calendar days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not

empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 calendar days to respond to the request. The arbitrator shall dispose of the request within 20 calendar days after transmittal by the AAA to the arbitrator of the request and any response thereto.

## R-51. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party to the arbitration, furnish to the party, at its expense, copies or certified copies of any papers in the AAA's possession that are not determined by the AAA to be privileged or confidential.

## R-52. Applications to Court and Exclusion of Liability

**(a)** No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

**(b)** Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary or proper party in judicial proceedings relating to the arbitration.

**(c)** Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

**(d)** Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

**(e)** Parties to an arbitration under these rules may not call the arbitrator, the AAA, or AAA employees as a witness in litigation or any other proceeding relating to the arbitration. The arbitrator, the AAA and AAA employees are not competent to testify as witnesses in any such proceeding.

## R-53. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe administrative fees to compensate it for the cost of providing administrative services. The fees in effect when the fee or charge is incurred shall be applicable. The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award. The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

## R-54. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel

and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

### R-55. Neutral Arbitrator's Compensation

**(a)** Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation.

**(b)** If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

**(c)** Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

### R-56. Deposits

**(a)** The AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case.

**(b)** Other than in cases where the arbitrator serves for a flat fee, deposit amounts requested will be based on estimates provided by the arbitrator. The arbitrator will determine the estimated amount of deposits using the information provided by the parties with respect to the complexity of each case.

**(c)** Upon the request of any party, the AAA shall request from the arbitrator an itemization or explanation for the arbitrator's request for deposits.

### R-57. Remedies for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment.

**(a)** Upon receipt of information from the AAA that payment for administrative charges or deposits for arbitrator compensation have not been paid in full, to the extent the law allows, a party may request that the arbitrator take specific measures relating to a party's non-payment.

**(b)** Such measures may include, but are not limited to, limiting a party's ability to assert or pursue their claim. In no event, however, shall a party be precluded from defending a claim or counterclaim.

**(c)** The arbitrator must provide the party opposing a request for such measures with the opportunity to respond prior to making any ruling regarding the same.

**(d)** In the event that the arbitrator grants any request for relief which limits any party's participation in the arbitration, the arbitrator shall require the party who is making a claim and who has made appropriate payments to submit such evidence as the arbitrator may require for the making of an award.

**(e)** Upon receipt of information from the AAA that full payments have not been received, the arbitrator, on the arbitrator's own initiative or at the request of the AAA or a party, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

**(f)** If the arbitration has been suspended by either the AAA or the arbitrator and the parties have failed to make the full deposits requested within the time provided after the suspension, the arbitrator, or the AAA if an arbitrator has not been appointed, may terminate the proceedings.

## R-58. Sanctions

**(a)** The arbitrator may, upon a party's request, order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or results in an adverse determination of an issue or issues, the arbitrator shall explain that order in writing and shall require the submission of evidence and legal argument prior to making of an award. The arbitrator may not enter a default award as a sanction.

**(b)** The arbitrator must provide a party that is subject to a sanction request with the opportunity to respond prior to making any determination regarding the sanctions application.

# Preliminary Hearing Procedures

## P-1. General

**(a)** In all but the simplest cases, holding a preliminary hearing as early in the process as possible will help the parties and the arbitrator organize the proceeding in a manner that will maximize efficiency and economy, and will provide each party a fair opportunity to present its case.

**(b)** Care must be taken to avoid importing procedures from court systems, as such procedures may not be appropriate to the conduct of arbitrations as an alternative form of dispute resolution that is designed to be simpler, less expensive and more expeditious.

## P-2. Checklist

**(a)** The following checklist suggests subjects that the parties and the arbitrator should address at the preliminary hearing, in addition to any others that the parties or the arbitrator believe to be appropriate to the particular case. The items to be addressed in a particular case will depend on the size, subject matter, and complexity of the dispute, and are subject to the discretion of the arbitrator:

  **(i)** the possibility of other non-adjudicative methods of dispute resolution, including mediation pursuant to R-9;

  **(ii)** whether all necessary or appropriate parties are included in the arbitration;

  **(iii)** whether a party will seek a more detailed statement of claims, counterclaims or defenses;

  **(iv)** whether there are any anticipated amendments to the parties' claims, counterclaims, or defenses;

  **(v)** which

    **(a)** arbitration rules;

    **(b)** procedural law; and

    **(c)** substantive law govern the arbitration;

  **(vi)** whether there are any threshold or dispositive issues that can efficiently be decided without considering the entire case, including without limitation,

    **(a)** any preconditions that must be satisfied before proceeding with the arbitration;

    **(b)** whether any claim or counterclaim falls outside the arbitrator's jurisdiction or is otherwise not arbitrable;

    **(c)** consolidation of the claims or counterclaims with another arbitration; or

    **(d)** bifurcation of the proceeding.

**(vii)** whether the parties will exchange documents, including electronically stored documents, on which they intend to rely in the arbitration, and/or make written requests for production of documents within defined parameters;

**(viii)** whether to establish any additional procedures to obtain information that is relevant and material to the outcome of disputed issues;

**(ix)** how costs of any searches for requested information or documents that would result in substantial costs should be borne;

**(x)** whether any measures are required to protect confidential information;

**(xi)** whether the parties intend to present evidence from expert witnesses, and if so, whether to establish a schedule for the parties to identify their experts and exchange expert reports;

**(xii)** whether, according to a schedule set by the arbitrator, the parties will

    **(a)** identify all witnesses, the subject matter of their anticipated testimonies, exchange written witness statements, and determine whether written witness statements will replace direct testimony at the hearing;

    **(b)** exchange and pre-mark documents that each party intends to submit; and

    **(c)** exchange pre-hearing submissions, including exhibits;

    **(d)** the date, time and place of the arbitration hearing;

    **(e)** whether, at the arbitration hearing,

**(xiii)** testimony may be presented in person, in writing, by videoconference, via the internet, telephonically, or by other reasonable means;

**(xiv)** there will be a stenographic transcript or other record of the proceeding and, if so, who will make arrangements to provide it;

    **(a)** whether any procedure needs to be established for the issuance of subpoenas;

    **(b)** the identification of any ongoing, related litigation or arbitration;

**(xv)** whether post-hearing submissions will be filed;

**(xvi)** the form of the arbitration award; and

**(xvii)** any other matter the arbitrator considers appropriate or a party wishes to raise.

**(b)** The arbitrator shall issue a written order memorializing decisions made and agreements reached during or following the preliminary hearing.

# Expedited Procedures

## E-1. Limitation on Extensions

Except in extraordinary circumstances, the AAA or the arbitrator may grant a party no more than one seven-day extension of time to respond to the Demand for Arbitration or counterclaim as provided in Section R-5.

## E-2. Changes of Claim or Counterclaim

A claim or counterclaim may be increased in amount, or a new or different claim or counterclaim added, upon the agreement of the other party, or the consent of the arbitrator. After the arbitrator is appointed, however, no new or different claim or counterclaim may be submitted except with the arbitrator's consent. If an increased claim or counterclaim exceeds $75,000, the case will be administered under the regular procedures unless all parties and the arbitrator agree that the case may continue to be processed under the Expedited Procedures.

## E-3. Serving of Notices

In addition to notice provided by Section R-43, the parties shall also accept notice by telephone. Telephonic notices by the AAA shall subsequently be confirmed in writing to the parties. Should there be a failure to confirm in writing any such oral notice, the proceeding shall nevertheless be valid if notice has, in fact, been given by telephone.

## E-4. Appointment and Qualifications of Arbitrator

**(a)** The AAA shall simultaneously submit to each party an identical list of five proposed arbitrators drawn from its National Roster from which one arbitrator shall be appointed.

**(b)** The parties are encouraged to agree to an arbitrator from this list and to advise the AAA of their agreement. If the parties are unable to agree upon an arbitrator, each party may strike two names from the list and return it to the AAA within seven days from the date of the AAA's mailing to the parties. If for any reason the appointment of an arbitrator cannot be made from the list, the AAA may make the appointment from other members of the panel without the submission of additional lists.

**(c)** The parties will be given notice by the AAA of the appointment of the arbitrator, who shall be subject to disqualification for the reasons specified in Section R-18. The parties shall notify the AAA within seven calendar days of any objection to the arbitrator appointed. Any such objection shall be for cause and shall be confirmed in writing to the AAA with a copy to the other party or parties.

## E-5. Exchange of Exhibits

At least two business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing. The arbitrator shall resolve disputes concerning the exchange of exhibits.

## E-6. Proceedings on Documents and Procedures for the Resolution of Disputes Through Document Submission

Where no party's claim exceeds $25,000, exclusive of interest, attorneys' fees and arbitration costs, and other cases in which the parties agree, the dispute shall be resolved by submission of documents, unless any party requests an oral hearing, or the arbitrator determines that an oral hearing is necessary. Where cases are resolved by submission of documents, the following procedures may be utilized at the agreement of the parties or the discretion of the arbitrator:

**(a)** Within 14 calendar days of confirmation of the arbitrator's appointment, the arbitrator may convene a preliminary management hearing, via conference call, video conference, or internet, to establish a fair and equitable procedure for the submission of documents, and, if the arbitrator deems appropriate, a schedule for one or more telephonic or electronic conferences.

**(b)** The arbitrator has the discretion to remove the case from the documents-only process if the arbitrator determines that an in-person hearing is necessary.

**(c)** If the parties agree to in-person hearings after a previous agreement to proceed under this rule, the arbitrator shall conduct such hearings. If a party seeks to have in-person hearings after agreeing to this rule, but there is not agreement among the parties to proceed with in-person hearings, the arbitrator shall resolve the issue after the parties have been given the opportunity to provide their respective positions on the issue.

**(d)** The arbitrator shall establish the date for either written submissions or a final telephonic or electronic conference. Such date shall operate to close the hearing and the time for the rendering of the award shall commence.

**(e)** Unless the parties have agreed to a form of award other than that set forth in rule R-46, when the parties have agreed to resolve their dispute by this rule, the arbitrator shall render the award within 14 calendar days from the date the hearing is closed.

**(f)** If the parties agree to a form of award other than that described in rule R-46, the arbitrator shall have 30 calendar days from the date the hearing is declared closed in which to render the award.

**(g)** The award is subject to all other provisions of the Regular Track of these rules which pertain to awards.

## E-7. Date, Time, and Place of Hearing

In cases in which a hearing is to be held, the arbitrator shall set the date, time, and place of the hearing, to be scheduled to take place within 30 calendar days of confirmation of the arbitrator's appointment. The AAA will notify the parties in advance of the hearing date.

## E-8. The Hearing

**(a)** Generally, the hearing shall not exceed one day. Each party shall have equal opportunity to submit its proofs and complete its case. The arbitrator shall determine the order of the hearing, and may require further submission of documents within two business days after the hearing. For good cause shown, the arbitrator may schedule additional hearings within seven business days after the initial day of hearings.

**(b)** Generally, there will be no stenographic record. Any party desiring a stenographic record may arrange for one pursuant to the provisions of Section R-28.

## E-9. Time of Award

Unless otherwise agreed by the parties, the award shall be rendered not later than 14 calendar days from the date of the closing of the hearing or, if oral hearings have been waived, from the due date established for the receipt of the parties' final statements and proofs.

## E-10. Arbitrator's Compensation

Arbitrators will receive compensation at a rate to be suggested by the AAA regional office.

# Procedures for Large, Complex Commercial Disputes

## L-1. Administrative Conference

Prior to the dissemination of a list of potential arbitrators, the AAA shall, unless the parties agree otherwise, conduct an administrative conference with the parties and/or their attorneys or other representatives by conference call. The conference will take place within 14 calendar days after the commencement of the arbitration. In the event the parties are unable to agree on a mutually acceptable time for the conference, the AAA may contact the parties individually to discuss the issues contemplated herein. Such administrative conference shall be conducted for the following purposes and for such additional purposes as the parties or the AAA may deem appropriate:

**(a)** to obtain additional information about the nature and magnitude of the dispute and the anticipated length of hearing and scheduling;

**(b)** to discuss the views of the parties about the technical and other qualifications of the arbitrators;

**(c)** to obtain conflicts statements from the parties; and

**(d)** to consider, with the parties, whether mediation or other non-adjudicative methods of dispute resolution might be appropriate.

## L-2. Arbitrators

**(a)** Large, complex commercial cases shall be heard and determined by either one or three arbitrators, as may be agreed upon by the parties. With the exception in paragraph (b) below, if the parties are unable to agree upon the number of arbitrators and a claim or counterclaim involves at least $1,000,000, then three arbitrator(s) shall hear and determine the case. If the parties are unable to agree on the number of arbitrators and each claim and counterclaim is less than $1,000,000, then one arbitrator shall hear and determine the case.

**(b)** In cases involving the financial hardship of a party or other circumstance, the AAA at its discretion may require that only one arbitrator hear and determine the case, irrespective of the size of the claim involved in the dispute.

**(c)** The AAA shall appoint arbitrator(s) as agreed by the parties. If they are unable to agree on a method of appointment, the AAA shall appoint arbitrators from the Large, Complex Commercial Case Panel, in the manner provided in the regular Commercial Arbitration Rules. Absent agreement of the parties, the arbitrator(s) shall not have served as the mediator in the mediation phase of the instant proceeding.

### L-3. Management of Proceedings

**(a)** The arbitrator shall take such steps as deemed necessary or desirable to avoid delay and to achieve a fair, speedy and cost-effective resolution of a Large, Complex Commercial Dispute.

**(b)** As promptly as practicable after the selection of the arbitrator(s), a preliminary hearing shall be scheduled in accordance with sections P-1 and P-2 of these rules.

**(c)** The parties shall exchange copies of all exhibits they intend to submit at the hearing at least 10 calendar days prior to the hearing unless the arbitrator(s) determines otherwise.

**(d)** The parties and the arbitrator(s) shall address issues pertaining to the pre-hearing exchange and production of information in accordance with rule R-22 of the AAA Commercial Rules, and the arbitrator's determinations on such issues shall be included within the Scheduling and Procedure Order.

**(e)** The arbitrator, or any single member of the arbitration tribunal, shall be authorized to resolve any disputes concerning the pre-hearing exchange and production of documents and information by any reasonable means within his discretion, including, without limitation, the issuance of orders set forth in rules R-22 and R-23 of the AAA Commercial Rules.

**(f)** In exceptional cases, at the discretion of the arbitrator, upon good cause shown and consistent with the expedited nature of arbitration, the arbitrator may order depositions to obtain the testimony of a person who may possess information determined by the arbitrator to be relevant and material to the outcome of the case. The arbitrator may allocate the cost of taking such a deposition.

**(g)** Generally, hearings will be scheduled on consecutive days or in blocks of consecutive days in order to maximize efficiency and minimize costs.

## Administrative Fee Schedules (Standard and Flexible Fees)

FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT ***www.adr.org/feeschedule***.

# Commercial Mediation Procedures

## M-1. Agreement of Parties

Whenever, by stipulation or in their contract, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association or under these procedures, the parties and their representatives, unless agreed otherwise in writing, shall be deemed to have made these procedural guidelines, as amended and in effect as of the date of filing of a request for mediation, a part of their agreement and designate the AAA as the administrator of their mediation.

The parties by mutual agreement may vary any part of these procedures including, but not limited to, agreeing to conduct the mediation via telephone or other electronic or technical means.

## M-2. Initiation of Mediation

Any party or parties to a dispute may initiate mediation under the AAA's auspices by making a request for mediation to any of the AAA's regional offices or case management centers via telephone, email, regular mail or fax. Requests for mediation may also be filed online via WebFile at **www.adr.org.**

The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the AAA and the other party or parties as applicable:

(i) A copy of the mediation provision of the parties' contract or the parties' stipulation to mediate.

(ii) The names, regular mail addresses, email addresses, and telephone numbers of all parties to the dispute and representatives, if any, in the mediation.

(iii) A brief statement of the nature of the dispute and the relief requested.

(iv) Any specific qualifications the mediator should possess.

## M-3. Representation

Subject to any applicable law, any party may be represented by persons of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA.

## M-4. Appointment of the Mediator

If the parties have not agreed to the appointment of a mediator and have not provided any other method of appointment, the mediator shall be appointed in the following manner:

(i) Upon receipt of a request for mediation, the AAA will send to each party a list of mediators from the AAA's Panel of Mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement.

(ii) If the parties are unable to agree upon a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all mediators on the list shall be deemed acceptable. From among the mediators who have been mutually approved by the parties, and in accordance with the designated order of mutual preference, the AAA shall invite a mediator to serve.

(iii) If the parties fail to agree on any of the mediators listed, or if acceptable mediators are unable to serve, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the authority to make the appointment from among other members of the Panel of Mediators without the submission of additional lists.

## M-5. Mediator's Impartiality and Duty to Disclose

AAA mediators are required to abide by the *Model Standards of Conduct for Mediators* in effect at the time a mediator is appointed to a case. Where there is a conflict between the *Model Standards* and any provision of these Mediation Procedures, these Mediation Procedures shall govern. The Standards require mediators to (i) decline a mediation if the mediator cannot conduct it in an impartial manner, and (ii) disclose, as soon as practicable, all actual and potential conflicts of interest that are reasonably known to the mediator and could reasonably be seen as raising a question about the mediator's impartiality.

Prior to accepting an appointment, AAA mediators are required to make a reasonable inquiry to determine whether there are any facts that a reasonable individual would consider likely to create a potential or actual conflict of interest for the mediator. AAA mediators are required to disclose any circumstance likely to create a presumption of bias or prevent a resolution of the parties' dispute within the time-frame desired by the parties. Upon receipt of such disclosures, the AAA shall immediately communicate the disclosures to the parties for their comments.

The parties may, upon receiving disclosure of actual or potential conflicts of interest of the mediator, waive such conflicts and proceed with the mediation. In the event that a party disagrees as to whether the mediator shall serve, or in the event that the mediator's conflict of interest might reasonably be viewed as undermining the integrity of the mediation, the mediator shall be replaced.

## M-6. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise, in accordance with section M-4.

## M-7. Duties and Responsibilities of the Mediator

(i) The mediator shall conduct the mediation based on the principle of party self-determination. Self-determination is the act of coming to a voluntary, uncoerced decision in which each party makes free and informed choices as to process and outcome.

(ii) The mediator is authorized to conduct separate or *ex parte* meetings and other communications with the parties and/or their representatives, before, during, and after any scheduled mediation conference. Such communications may be conducted via telephone, in writing, via email, online, in person or otherwise.

(iii) The parties are encouraged to exchange all documents pertinent to the relief requested. The mediator may request the exchange of memoranda on issues, including the underlying interests and the history of the parties' negotiations. Information that a party wishes to keep confidential may be sent to the mediator, as necessary, in a separate communication with the mediator.

(iv) The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. Subject to the discretion of the mediator, the mediator may make oral or written recommendations for settlement to a party privately or, if the parties agree, to all parties jointly.

(v) In the event a complete settlement of all or some issues in dispute is not achieved within the scheduled mediation session(s), the mediator may continue to communicate with the parties, for a period of time, in an ongoing effort to facilitate a complete settlement.

(vi) The mediator is not a legal representative of any party and has no fiduciary duty to any party.

## M-8. Responsibilities of the Parties

The parties shall ensure that appropriate representatives of each party, having authority to consummate a settlement, attend the mediation conference.

Prior to and during the scheduled mediation conference session(s) the parties and their representatives shall, as appropriate to each party's circumstances, exercise their best efforts to prepare for and engage in a meaningful and productive mediation.

## M-9. Privacy

Mediation sessions and related mediation communications are private proceedings. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## M-10. Confidentiality

Subject to applicable law or the parties' agreement, confidential information disclosed to a mediator by the parties or by other participants (witnesses) in the course of the mediation shall not be divulged by the mediator. The mediator shall maintain the confidentiality of all information obtained in the mediation, and all records, reports, or other documents received by a mediator while serving in that capacity shall be confidential.

The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding the following, unless agreed to by the parties or required by applicable law:

(i) Views expressed or suggestions made by a party or other participant with respect to a possible settlement of the dispute;

(ii) Admissions made by a party or other participant in the course of the mediation proceedings;

(iii) Proposals made or views expressed by the mediator; or

(iv) The fact that a party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## M-11. No Stenographic Record

There shall be no stenographic record of the mediation process.

## M-12. Termination of Mediation

The mediation shall be terminated:

(i) By the execution of a settlement agreement by the parties; or

(ii) By a written or verbal declaration of the mediator to the effect that further efforts at mediation would not contribute to a resolution of the parties' dispute; or

(iii) By a written or verbal declaration of all parties to the effect that the mediation proceedings are terminated; or

(iv) When there has been no communication between the mediator and any party or party's representative for 21 days following the conclusion of the mediation conference.

## M-13. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation. Neither the AAA nor any mediator shall be liable to any party for any error, act or omission in connection with any mediation conducted under these procedures.

## M-14. Interpretation and Application of Procedures

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

## M-15. Deposits

Unless otherwise directed by the mediator, the AAA will require the parties to deposit in advance of the mediation conference such sums of money as it, in consultation with the mediator, deems necessary to cover the costs and expenses of the mediation and shall render an accounting to the parties and return any unexpended balance at the conclusion of the mediation.

## M-16. Expenses

All expenses of the mediation, including required traveling and other expenses or charges of the mediator, shall be borne equally by the parties unless they agree otherwise. The expenses of participants for either side shall be paid by the party requesting the attendance of such participants.

## M-17. Cost of the Mediation

FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT *www.adr.org/feeschedule*.

*© 2020 American Arbitration Association, Inc. All rights reserved. These rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.*

## Regional Vice Presidents

**States: Delaware, District of Columbia, Maryland, New Jersey, Pennsylvania, Virginia**
P. Jean Baker, Esq.
Vice President
Phone: 202.223.7093
Email: BakerJ@adr.org

**States: Oklahoma, Texas**
Andrew Barton
Vice President
Phone: 210.998.5750
Email: BartonA@adr.org

**States: Alabama, Georgia**
John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org

**States: Arkansas, Illinois, Iowa, Michigan, Minnesota, Missouri, North Dakota, South Dakota, Wisconsin**
Svetlana Gitman, Esq.
Vice President
Phone: 773.820.7801
Email: GitmanS@adr.org

**States: Alaska, California, Oregon, Washington**
Aaron Gothelf, Esq.
Vice President
Phone: 415.671.4053
Email: GothelfA@adr.org

**States: City of Houston, Louisiana, Mississippi**
Ingeuneal C. Gray, Esq.
Vice President
Phone: 832.308.7893
Email: GrayI@adr.org

**States: Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont**
Karen Jalkut
Vice President
Phone: 617.695.6062
Email: JalkutK@adr.org

**States: Indiana, Kentucky, North Carolina, Ohio, South Carolina, Tennessee, West Virginia**
Michelle M. Skipper
Vice President
Phone: 704.643.8605
Email: SkipperM@adr.org

**States: Florida**
Rebecca Storrow, Ph.D.
Vice President
Phone: 954.372.4341
Email: StorrowR@adr.org

**States: Arizona, Colorado, Kansas, Hawaii, Idaho, Montana, Nebraska, Nevada, New Mexico, Utah, Wyoming**
Lance K. Tanaka
Vice President
Phone: 303.831.0824
Email: TanakaL@adr.org

**States: New York**
Jeffrey T. Zaino, Esq.
Vice President
Phone: 212.484.3224
Email: ZainoJ@adr.org

## Case Management

John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org
**Administers cases in: AL, DC, FL, GA, IN, KY, MD, NC, OH, SC, TN, VA**

Sandra Marshall
Vice President
Phone: 559.490.1906
Email: MarshallS@adr.org
**Administers cases in: AK, AZ, CA, CO, HI, ID, MT, NV, NM, OR, UT, WA, WY**

Rod Toben
Vice President
Phone: 972.774.6923
Email: TobenR@adr.org
**Administers Cases in: AR, IL, IA, KS, LA, MN, MS, MO, NE, ND, OK, SD, TX, WI**

Yvonne Baglini
Assistant Vice President
Phone: 866.293.4053
Email: BagliniY@adr.org
**Administers cases in: CT, DE, MA, ME, MI, NH, NJ, NY, PA, RI, VT, WV**



AMERICAN ARBITRATION ASSOCIATION®

800.778.7879 | websitemail@adr.org | adr.org

# EXHIBIT D

Consumer-Related Disputes Supplementary PROCEDURES

Effective September 15, 2005

About the AAA

The AAA's Consumer Rules

Availability of Mediation

Administrative Fees

Arbitrator's Fees

Glossary of Terms

Claimant

Respondent

ADR Process

Arbitration

Desk Arbitration

Telephone Hearing

In Person Hearing

Mediation

Neutral

Case Manager

ADR Agreement

ADR Program

Independent ADR Institution

Resolution of Consumer-Related Disputes Supplementary Procedures

C-1. Agreement of Parties and Applicability

C-2. Initiation Under an Arbitration Agreement

C-3. Initiation Under a Submission

C-4. Appointment of Arbitrator

C-5. Proceedings on Documents ("Desk Arbitration")

C-6. Expedited Hearing Procedures

C-7. The Award

C-8. Administrative Fees and Arbitrator Fees*

Administrative Fees

Arbitrator Fees

Fees and Deposits to be Paid by the Consumer:

Fees and Deposits to be Paid by the Business:

INTRODUCTION

Millions of consumer purchases take place each year. Occasionally, these transactions lead to disagreements between consumers and businesses. These disputes can be resolved by arbitration. Arbitration is usually faster and cheaper than going to court.

The AAA applies the Supplementary Procedures for Consumer-Related Disputes to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA will have the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the attention of the arbitrator. Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business.

About the AAA

The American Arbitration Association (AAA) is a not-for-profit, private organization. We offer a broad range of conflict management services to businesses, organizations and individuals. We also provide education, training and publications focused on ways of settling disputes out of court.

The AAA's Consumer Rules

The AAA has developed the Supplementary Procedures for Consumer-Related Disputes for consumers and businesses that want to have their disagreements resolved by arbitrators. People

throughout the world can make use of our services.

Availability of Mediation

Mediation is also available to help parties resolve their disputes. Mediations are handled under AAA's Commercial Mediation Procedures.

Administrative Fees

The Association charges a fee for its services under these rules. The costs to the consumer and business depend on the size and nature of the claims. A fee schedule is included at the end of this Supplement. In certain cases, fees paid by the consumer are fully refundable if the dispute is settled before the arbitrator takes any action.

Arbitrator's Fees

Arbitrators get paid for the time they spend resolving disputes. The arbitrator's fee depends on the type of proceeding that is used and the time it takes. The parties make deposits as outlined in the fee schedule at the end of this Supplement. Unused deposits are refunded at the end of the case.

GLOSSARY OF TERMS

Claimant

A Claimant is the party who files the claim or starts the arbitration. Either the consumer or the business may be the Claimant.

Respondent

A Respondent is the party against whom the claim is filed. If a Respondent states a claim in arbitration, it is called a counterclaim. Either the consumer or the business may be the Respondent.

ADR Process

An ADR (Alternative Dispute Resolution) Process is a method of resolving a dispute out of court. Mediation and Arbitration are the most widely used ADR processes.

Arbitration

In arbitration, the parties submit disputes to an impartial person (the arbitrator) for a decision. Each party can present evidence to the arbitrator. Arbitrators do not have to follow the Rules of Evidence used in court.

Arbitrators decide cases with written decisions or "awards." An award is usually binding on the parties. A court may enforce an arbitration award, but the court's review of arbitration awards is limited.

Desk Arbitration

In a Desk Arbitration, the parties submit their arguments and evidence to the arbitrator in writing. The arbitrator then makes an award based only on the documents. No hearing is held.

Telephone Hearing

In a Telephone Hearing, the parties have the opportunity to tell the arbitrator about their case during a conference call. Often this is done after the parties have sent in documents for the arbitrator to review. A Telephone Hearing can be cheaper and easier than an In Person Hearing.

In Person Hearing

During an In Person Hearing, the parties and the arbitrator meet in a conference room or office and the parties present their evidence in a process that is similar to going to court. However, an In Person Hearing is not as formal as going to court.

Mediation

In Mediation, an impartial person (the mediator) helps the parties try to settle their dispute by reaching an agreement together. A mediator's role is to help the parties come to an agreement. A mediator does not arbitrate or decide the outcome.

Neutral

A Neutral is a word that is used to describe someone who is a mediator, arbitrator, or other independent, impartial person selected to serve as the independent third party in an ADR process.

Case Manager

The Case Manager is the AAA's employee assigned to handle the administrative aspects of the case. He or she does not decide the case. He or she only manages the case's administrative steps, such as exchanging documents, matching schedules, and setting up hearings. The Case Manager is the parties' contact point for almost all aspects of the case outside of any hearings.

ADR Agreement

An ADR Agreement is an agreement between a business and a consumer to submit disputes to mediation, arbitration, or other ADR processes.

ADR Program

An ADR Program is any program or service set up or used by a business to resolve disputes out of court.

Independent ADR Institution

An Independent ADR Institution is an organization that provides independent and impartial administration of ADR programs for consumers and businesses. The American Arbitration Association is an Independent ADR Institution.

SUPPLEMENTARY PROCEDURES FOR THE RESOLUTION OF CONSUMER-RELATED DISPUTES

C-1. Agreement of Parties and Applicability

(a) The Commercial Dispute Resolution Procedures and these Supplementary Procedures for Consumer-Related Disputes shall apply whenever the American Arbitration Association (AAA) or its rules are used in an agreement between a consumer and a business where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA will have the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the attention of the arbitrator. The AAA's most current rules will be used when the arbitration is started. If there is a difference between the Commercial Dispute Resolution Procedures and the Supplementary Procedures, the Supplementary Procedures will be used. The Commercial Dispute Resolution Procedures may be found on our Web site. They may also be obtained from the Case Manager.

(b) The Expedited Procedures will be used unless there are three arbitrators. In such cases, the Commercial Dispute Resolution Procedures shall apply.

(c) The AAA may substitute another set of rules, such as the Real Estate or the Wireless Industry Arbitration Rules, for the Commercial Dispute Resolution Procedures in some cases.

(d) Parties can still take their claims to a small claims court.

C-2. Initiation Under an Arbitration Agreement

(a) The filing party (the "claimant") must notify the other party (the "respondent"), in writing, that it wishes to arbitrate a dispute. This notification is referred to as the "demand" for arbitration. The demand should:

' briefly explain the dispute,

' list the names and addresses of the consumer and the business,

' specify the amount of money involved,

' state what the claimant wants.

The claimant must also send two copies of the demand to the AAA at the time it sends the demand to the respondent. When sending a demand to the AAA, the claimant must attach a copy

of the arbitration agreement from the consumer contract with the business. The claimant must also send the appropriate administrative fees and deposits. A fee schedule can be found in Section C-8 at the end of this Supplement.

(b) The AAA shall confirm receipt of the demand to the parties.

(c) The respondent may answer the demand and may also file a counterclaim. The answer must be sent to the AAA within ten calendar days after the AAA acknowledges receipt of claimant's demand. The answer must:

' be in writing,

' be sent, in duplicate, to the AAA,

' be sent to the claimant at the same time.

' If the respondent has a counterclaim, it must state the nature of the counterclaim, the amount involved, and the remedy sought.

(d) If no answer is filed within the stated time, the AAA will assume that the respondent denies the claim.

(e) The respondent must also send the appropriate administrative fees and deposits. A fee schedule can be found in Section C-8 at the end of this Supplement. Payment is due ten calendar days after the AAA acknowledges receipt of claimant's demand.

C-3. Initiation Under a Submission

Where no agreement to arbitrate exists in the contract between the consumer and the business, the parties may agree to arbitrate a dispute. To begin arbitration, the parties must send the AAA a submission agreement. The submission agreement must:

' be in writing,

' be signed by both parties,

' briefly explain the dispute,

' list the names and addresses of the consumer and the business,

' specify the amount of money involved,

' state the solution sought.

The parties should send two copies of the submission to the AAA. They must also send the administrative fees and deposits. A fee schedule can be found in Section C-8 at the end of this Supplement.

C-4. Appointment of Arbitrator

Immediately after the filing of the submission or the answer, or after the deadline for filing the answer, the AAA will appoint an arbitrator. The parties will have seven calendar days from the time the AAA notifies them, to submit any factual objections to that arbitrator's service.

C-5. Proceedings on Documents ("Desk Arbitration")

Where no claims or counterclaims exceed $10,000, the dispute shall be resolved by the submission of documents. Any party, however, may ask for a hearing. The arbitrator may also decide that a hearing is necessary.

The arbitrator will establish a fair process for submitting the documents. Documents must be sent to the AAA. These will be forwarded to the arbitrator.

C-6. Expedited Hearing Procedures

A party may request that the arbitrator hold a hearing. This hearing may be by telephone or in person. The hearing may occur even if the other party does not attend. A request for a hearing should be made in writing within ten calendar days after the AAA acknowledges receipt of a claimant's demand for arbitration. Requests received after that date will be allowed at the discretion of the arbitrator.

In a case where any party's claim exceeds $10,000, the arbitrator will conduct a hearing unless the parties agree not to have one.

Any hearings will be conducted in accordance with the Expedited Procedures of the Commercial Dispute Resolution Procedures. These procedures may be found on our Web site. They may also be obtained from the Case Manager.

C-7. The Award

(a) Unless the parties agree otherwise, the arbitrator must make his or her award within fourteen calendar days from the date of the closing of the hearing. For Desk Arbitrations, the arbitrator has fourteen calendar days from when the AAA sends the final documents to the arbitrator.

(b) Awards shall be in writing and shall be executed as required by law.

(c) In the award, the arbitrator should apply any identified pertinent contract terms, statutes, and legal precedents. The arbitrator may grant any remedy, relief or outcome that the parties could have received in court. The award shall be final and binding. The award is subject to review in accordance with applicable statutes governing arbitration awards.

C-8. Administrative Fees and Arbitrator Fees*

Administrative fees and arbitrator compensation deposits are due from the claimant at the time a case is filed. They are due from the respondent at the time the answer is due. The amounts paid by the consumer and the business are set forth below.

*Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the AAA a declaration under of oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 1-877-528-0879, if you have any questions regarding the waiver of administrative fees. (Effective January 1, 2003)

Administrative Fees

Administrative fees are based on the size of the claim and counterclaim in a dispute. They are based only on the actual damages and not on any additional damages, such as attorneys' fees or punitive damages. Portions of these fees are refundable pursuant to the Commercial Fee Schedule.

Arbitrator Fees

For cases in which no claim exceeds $75,000, arbitrators are paid based on the type of proceeding that is used. The parties make deposits as set forth below. Any unused deposits are returned at the end of the case.

Desk Arbitration or Telephone Hearing $250 for service on the case
In Person Hearing $750 per day of hearing

For cases in which a claim or counterclaim exceeds $75,000, arbitrators are compensated at the rates set forth on their panel biographies.

Fees and Deposits to be Paid by the Consumer:

If the consumer's claim or counterclaim does not exceed $10,000, then the consumer is responsible for one-half the arbitrator's fees up to a maximum of $125. This deposit is used to pay the arbitrator. It is refunded if not used.

If the consumer's claim or counterclaim is greater than $10,000, but does not exceed $75,000, then the consumer is responsible for one-half the arbitrator's fees up to a maximum of $375. This deposit is used to pay the arbitrator. It is refunded if not used.

If the consumer's claim or counterclaim exceeds $75,000, or if the consumer's claim or counterclaim is non-monetary, then the consumer must pay an Administrative Fee in accordance with the Commercial Fee Schedule. A portion of this fee is refundable pursuant to the Commercial Fee Schedule. The consumer must also deposit one-half of the arbitrator's compensation. This deposit is used to pay the arbitrator. This deposit is refunded if not used. The arbitrator's compensation rate is set forth on the panel biography provided to the parties when the arbitrator is appointed.

Fees and Deposits to be Paid by the Business:

Administrative Fees:

If neither party's claim or counterclaim exceeds $10,000, the business must pay $750 and a Case Service Fee of $200 if a hearing is held. A portion of this fee is refundable pursuant to the Commercial Fee Schedule.

If either party's claim or counterclaim exceeds $10,000, but does not exceed $75,000, the business must pay $950 and a Case Service Fee of $300 if a hearing is held. A portion of this fee is refundable pursuant to the Commercial Fee Schedule.

If the business's claim or counterclaim exceeds $75,000 or if the business's claim or counterclaim is non-monetary, the business must pay an Administrative Fee in accordance with the Commercial Fee Schedule. A portion of this fee is refundable pursuant to the Commercial Fee Schedule.

Arbitrator Fees:

The business must pay for all arbitrator compensation deposits beyond those that are the responsibility of the consumer. These deposits are refunded if not used.

If a party fails to pay its fees and share of the administrative fee or the arbitrator compensation deposit, the other party may advance such funds. The arbitrator may assess these costs in the award.

For more information please contact our customer service department at 1-800-778-7879

Rules, forms, procedures and guides are subject to periodic change and updating.

AAA236